72 So.2d 728

**HOLOWAY v. CARTER.**

**6 Div. 626.**

Supreme Court of Alabama.

May 13, 1954.

Bevill & Bevill, Jasper, for appellant.

Curtis & Maddox, Jasper, for appellee.

SIMPSON, Justice.

Carter, appellee, filed a bill in equity against Holloway to establish a disputed boundary line. The trial court heard the testimony of the witnesses orally, ordered a survey of the property, and rendered a final decree granting the appellee the relief as prayed for. From the decree the respondent has appealed.

■ A decree establishing a line between coterminous lands on evidence submitted ore tenus in open court is presumed to be correct. Spradling v. May, 259 Ala. 10, 65 So.2d 494. And in such a case the trial court's conclusions will not be disturbed unless palpably erroneous or manifestly unjust. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621.

Carter and Holoway are coterminous landowners; the dispute is as to the location of the true line separating the north thirty acres from the south ten acres of the NE ¼ of the NE ¼ of Section 32 and the location of the west line of said ten acres. Appellee, by deed was conveyed the NE ¼ of the NE ¼ except ten acres off of the south end of the NE ¼ of the NE ¼ and NW ¼ of NE ¼ of Section 32. Appellant was conveyed by deed the "south ten acres of the NE ¼ of NE ¼ Section 32." The appellant (owner of the ten acres), however, claims he has acquired title to all that land lying south of a certain fence between the two tracts of land, such fence being north of the true line as shown by the survey, and all that land lying east of that fence located on the west side of said ten acres. It is the respondent's contention that he and his predecessor in title have regarded the fence separating the land involved as the true line for more than twenty years, thus perfecting title by prescription in the respondent up to the fence.

On the date of the filing of the bill, the respondent had not been in possession of the south ten acres and the disputed areas for such a period as to have perfected title. The respondent therefore invokes the principle that his adverse possession should be tacked to that of his grantor, one Abbott. Abbott owned the south ten acres for thirty years next preceding his conveyance to respondent. He testified that a survey determining the true line had never been made during his ownership and that he claimed the south ten acres. He further testified that he erected a fence where he "guessed the line to be." Abbott stated that one Estes, former owner of the north thirty acres, in discussing the erection of the fence with him stated, "Anywhere here you want to put it will be all right with me 'til the line is run," whereupon Abbott said to Estes, "If that

suits you we will let it go that way 'til we have the line run." In answer to the question, "When you put that fence up there, did you claim that was the actual line?", Abbott replied "No, sir." Abbott also testified that when he erected the fence he used no measurements to determine where the line was. He stated that he did not claim the fence he built was exactly on the line during the time he was in possession of the property; but on the contrary, Abbott testified that he claimed only the south ten acres of the forty, that that was all he wanted—wherever the line was —and that he did not recognize the fence as being on the line.

Certain witnesses for the respondent testified that Abbott had made statements to them to the effect that the fence along the north edge of the ten acres was the line. Abbott, on the other hand, denied having made these statements.

■ Where the location of a line fence is merely tentative and is not intended to define a permanent boundary and possession is taken, not under claim of title to the fence, but merely to the true line, to be thereafter ascertained, such possession is not adverse. Brantley v. Helton, 224 Ala. 93, 139 So. 283.

■ Upon the evidence, we entertain the view that the trial court was justified in determining that the respondent did not, by adverse possession, acquire title to the disputed strip of land. And, although there was some evidence of possessory acts of Abbott consistent with adverse possession, we are of the opinion that the trial court was also justified in finding that the possession of the respondent's grantor, Abbott, was not adverse and therefore there was no occasion for tacking. Such finding is not so palpably erroneous as to warrant reversal of the case.

Appellant also contends that if it should be found that he did not perfect his title to the fence by adverse possession, then the title to the strip of land between the fence and the line established by the surveyor must be in Abbott, respondent's grantor, and not in the complainant. This on the theory that Abbott had acquired title by adverse possession of over twenty years (prescription) to such land and Abbott by deed conveyed to respondent only the south ten acres of the NE ¼ of the NE ¼. If, in fact, such were the case the respondent could not tack the possession of Abbott to his possession. Spires v. Nix, 256 Ala. 642, 57 So.2d 89. Upon the rule heretofore expressed, Brantley v. Helton, supra, the appellant's contention cannot be sustained since there was evidence to support the conclusion that Abbott was not adversely claiming the disputed area.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.