346

82 So.2d 424

**Mildred CASEY**

v.

**Matt KRUMP et al.**

**1 Div. 628.**

Supreme Court of Alabama.

Sept. 15, 1955.

---

J. Conner Owens, Jr., Bay Minette, and G. Ernest Jones, Birmingham, for appellant.

John Chason, Bay Minette, and Johnston, McCall & Johnston, Mobile, for appellees.

STAKELY, Justice.

This is a suit brought in equity by Matt Krump and Herbert Krump (appellees) against Mildred Casey (appellant) to cancel and remove a deed as a cloud upon the title to lands of the complainants.

The grounds for relief are (1) that on the 5th day of January 1949, the purported date of execution and delivery of the alleged deed, the grantor Nic Krump was of unsound mind and incapable of executing and delivering a valid conveyance of the

lands embraced therein, of which facts the respondent well knew, (2) that the document purporting to be a deed of conveyance from the grantor Nic Krump to Mildred Casey dated January 5, 1949, was not executed by Nic Krump nor by anyone authorized to bind him in the premises and (3) if mistaken as to the first two grounds, the original deed was a product of undue influence exercised by the respondent Mildred Casey upon Nic Krump, the grantor. It was further averred that the complainants are the owners and in possession of the lands described in the alleged deed.

The demurrer to the bill as last-amended was overruled. It should be observed that the bill in this case is not a statutory bill to quiet title. On the contrary it is a bill in equity to cancel and remove a deed as a cloud upon the title to complainants' land in their possession. In King v. Artman, 225 Ala. 569, 144 So. 442, it was said:

"The equity of the bill in this case is to cancel and remove a deed as a cloud upon the title of complainant * * *. It is not a statutory bill, lacking several essentials as such."

█ In a bill to cancel a deed as a cloud upon the title it is not necessary, as contended by appellant, to allege peaceable possession of the land as required in a bill to quiet title under the statute. The bill is sufficient if it alleges that complainants are the owners of the land and in possession thereof. Low v. Low, 255 Ala. 536, 52 So. 2d 218, 220.

In the case last cited it was said:

"Being in possession, when his right is to have an instrument which appears to be a deed cancelled as a cloud upon his title, the essentials of his bill stated in broad terms are the existence of an instrument which appears on its face to be valid and affects his title, but which is not so on account of matter not so appearing, so that it takes evidence other than that shown by the instrument to prove its invalidity. King v. Artman, 225 Ala. 569, 144 So. 442."

See also Randolph v. Randolph, 245 Ala. 689, 18 So.2d 555.

█ Furthermore in a bill of the kind here under discussion there is no need to allege that there is no pending suit to test the title to the lands. In this connection in Bank of Henry v. Elkins, 165 Ala. 628, 51 So. 821, this court said:

"Independent of our statute for the quieting of titles and the determination of claims to real estate, courts of equity have jurisdiction to cancel and remove a specially described cloud upon the complainant's title, when the owner is in possession, and when the evidence of the alleged cloud is not void on its face, and extrinsic evidence is necessary to show its invalidity."

In the last mentioned case it was further said:

"Had the bill been an effort to avail of the statutory system mentioned, then, of course, observation of the statutory requirement would have been essential, such as averments of peaceable possession, and that there was no suit pending to enforce or test the validity of the title, claim, etc. The demurrer was properly overruled."

See also Forman v. Thomas, 202 Ala. 291, 80 So. 356.

Paragraph 4 of the bill as last amended contains the following allegation:

"That on the 5th day of January, 1949, the purported date of the execution and delivery of said document, a copy of which is attached to the original bill of complaint as Exhibit 'A', the said Nic Krump was of unsound mind, and incapable of executing and delivering said document as a valid deed of conveyance of said lands, of which facts the respondent well knew."

█ The foregoing allegation is sufficient. Casey v. Krump, 260 Ala. 280, 69 So.2d 864; Cox v. Parker, 212 Ala. 35, 101 So. 657.

With reference to undue influence the allegations of the bill as last amended are as follows:

"6(a) * * * and if complainants are mistaken as to the facts alleged in Paragraphs 4 and 5 of the original bill, they charge in the alternative that at the time of the alleged execution of said instrument, a copy of which is attached to the original bill of complaint as Exhibit 'A', the said Nic Krump was an old man above 73 years of age, of feeble health in body and mind, and was under the dominion and influence of the respondent, then a young woman of approximately 34 years of age; and said respondent was the dominant party in said transaction, and the execution of said alleged conveyance was the result and product of undue influence exercised by the respondent over the mind of the said Nic Krump, and it was not the exercise of his free volition."

The foregoing allegations as to undue influence are sufficient. Cox v. Parker, 212 Ala. 35, 101 So. 657; Strickland v. Strickland, 206 Ala. 452, 90 So. 345; Mindler v. Crocker, 245 Ala. 578, 18 So.2d 278; Ross v. Washington, 233 Ala. 292, 171 So. 893.

It is argued that since the deed is sought to be cancelled upon the ground that Nic Krump was of unsound mind on the date of the deed which is alleged to have been executed and delivered and upon the further ground that such deed was never actually executed and delivered by the said Nic Krump, the allegation that the said deed was the result of undue influence exercised by Mildred Casey upon Nic Krump is repugnant to the other allegations rendering the bill duplicitous. The allegations are in the alternative and not multifarious, the term usually applied with reference to bills. 30 C.J.S., Equity, § 233, pp. 683–684. The objection is not well taken. Wilkinson v. Wright, 228 Ala. 243, 153 So. 204; Gaines v. Stevens, 248 Ala. 572, 28 So.2d 789; Craig v. Craig, 219 Ala. 77, 121 So. 86; Smith-Howard Gin Co. v. Ogletree, 251 Ala. 366, 37 So.2d 507.

The court was not in error in overruling the demurrer to the bill of complaint as last amended.

The evidence is voluminous but we do not think it necessary to set out the evidence in detail. It follows in many respects the pattern of the evidence in the case of Casey v. Krump to which we have referred and which is reported in 260 Ala. 280, 69 So.2d 864. In fact while trying that case and being interrogated with reference to the deeds which the court subsequently set aside in that case, Mildred Casey made the statement that she also had a deed to the airport property in Baldwin County, a piece of property which the evidence tended to show was a valuable piece of property worth $20,000 or more. The deed involved in the instant case to the foregoing property bears date of January 5, 1949, and purports to have been executed by Nic Krump to Mildred Casey for $10 and other valuable considerations. Mildred Casey in her testimony conceded that all of these deeds represented gifts to her by Nic Krump.

The complainants, appellees here, are the brothers of Nic Krump, deceased, and are the sole legatees and devisees under his last will and testament made on July 21, 1938. The will was admitted to record and probate in the Probate Court of Baldwin County on June 11, 1951. In her testimony in the former litigation to which we have alluded Mildred Casey testified that she never recorded the deed here in question, never assessed the property for taxes and didn't pay any taxes on it although at that time more than three years and nine months had elapsed after its alleged execution.

There is testimony in the case tending to show that Nic Krump was of unsound mind on January 5, 1949. The proof shows that he was suffering from senile psychosis in 1946 and examinations made by physicians as late as January 1950 showed that his mental condition had grown worse. The proof showed that senile psychosis is a

chronic progressive disease and becomes worse as a person grows older. There is proof tending to show that Mildred Casey knew about the mental condition of Nic Krump.

At the time of the execution of the deed Nic Krump was about 74 years of age, infirm and in bad health. On the contrary, Mildred Casey was a young woman about 34 years of age and in 1934 came to live in the home of Nic Krump when his wife contracted pneumonia. The proof tends to show a close relation or association between Nic Krump and Mildred Casey over the years. The proof shows for example that she visited him in Eagle River, Wisconsin in 1938, at which time he gave her $500. When asked how she happened to visit him at that time she answered, "Well, I knew he was there" and when the question was propounded "Well, you went to see him?" she answered, "I saw him, yes." She went to Eagle River again to see him in 1946 and stayed for two weeks.

The court found that the respondent was closely associated with Nic Krump for a number of years and had received gifts of property from him from time to time, that he was an ailing man of mature years and was suffering from senile psychosis which progressed until January 1950 and that the purported deed from Nic Krump to Mildred Casey dated January 5, 1949, is null and void and of no binding force and effect.

As stated, we have not undertaken to set out all the evidence. We think it is ample to sustain the findings of the court and that the decree rendered by the court holding the deed null and void should be upheld. The testimony of all of the witnesses was taken orally before the trial court except that portions of the cross-examination of Mildred Casey given in Casey v. Krump, supra, were introduced in evidence. The findings of the court on the entire evidence has the weight of a jury verdict and accordingly will not be disturbed since we do not consider it palpably and plainly wrong and contrary to the great weight of the evidence. Gardiner

v. Willis, 258 Ala. 647, 64 So.2d 609; St. Paul Fire & Marine Ins. Co. v. Johnson, 259 Ala. 627, 67 So.2d 896; Ray v. Ray, 245 Ala. 591, 18 So.2d 273.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.