178 So.2d 166

**Lottie D. KITE**

**v.**

**James HEAD et al.**

**4 Div. 230.**

Supreme Court of Alabama.

Sept. 2, 1965.

Smith & Miller, Phenix City, for appellant.

W. R. Belcher and Phillips & Funderburk, Phenix City, for appellees.

MERRILL, Justice.

This appeal is from a decree which denied relief to complainant, sought in a bill to set aside a deed which appellant Kite had executed to appellee Head, his grandson.

The amended bill of complaint alleged that prior to March 27, 1959, appellant and his wife were having marital troubles; that they lived in Georgia, but appellant thought that she might be able to get an interest in two hundred acres of land he owned in Russell County, Alabama; that he and his wife deeded that two hundred acres to appellee; that the understanding was that appellee would reconvey the lands to appellant; that appellant conveyed certain personal property, including tractors, to appellee and appellee reconveyed the personal property to appellant, but refused to reconvey the lands; that at appellant's request, appellee did convey fifty acres of the tract to appellee's aunt without consideration in September, 1959. Appellant alleged and admitted that appellee had paid appellant's wife $1,000 when she signed the deed to the two hundred acres, and appellant paid that sum into court as a tender to appellee. Appellant prayed that the deed be set aside and for general relief.

Appellee contended that he paid a valuable consideration for the land; that his check to appellant's wife was part of the purchase price of $2,000, and that he still owed $500 to appellant; that he agreed at the time of the transaction to deed the fifty acres to his aunt, and that he had been in possession of the property since the execution and recording of the deed.

The trial court's decree reads, in part:

"This cause coming on to be heard is submitted upon the Bill of Complaint, as amended, answer thereto, and testimony taken orally before the court, and upon consideration thereof the Court is of the opinion that Complainant is not entitled to the relief prayed. The Court finds that the absolute conveyance on March 27, 1959, from Complainant to Respondent was for the purpose of defeating any rights or interest which the then wife of Complainant had or might have had in the lands conveyed, that no memorandum or other writing was made at the time of conveyance to show that Respondent agreed to reconvey the property to Complainant, and that any right to relief sought by the Complainant rests solely on the theory of establishment by parol of a Constructive Trust.

"IT IS, THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Bill of Complaint, as amended, is due to be and hereby is dismissed and relief denied."

Appellant's main argument is that the trial court erred in failing to grant the relief prayed for.

The trial court's holding is supported by (1) the recorded deed, bearing a $1.10 federal documentary stamp; (2) the fact that appellee had paid taxes on the property and had been in possession since 1959; (3) evidence that appellant had asked appellee to sell it back to him for what he had paid for it; (4) evidence that $1,500 was actually paid and $500 was still owed on the property; (5) evidence that appellant had made no claim to the property until the bill of complaint was filed in August, 1963; (6) no contention that appellant was of unsound mind and no doubt that he understood what he was doing when he executed the deed, and no evidence of undue influence.

In Abrams v. Abrams, 225 Ala. 622, 144 So. 828, this court said:

"In cases like the one now under consideration, the courts cannot overlook or be forgetful of the fact that a person of sound mind may dispose of his property as he sees fit, and it is the solemn duty of the court to uphold a conveyance, where understandingly made, by persons of sound mind, although the grantee may be a relative, and the conveyance is wholly voluntary, in the absence of any evidence of undue influence in fact, or the presumption of such arising from the relation of the parties. * *. * "

Where the evidence is in conflict but the witnesses are seen and heard by the trial court, the rule in equity, as well as in law, is that the trial court's conclusion on the facts is like a jury verdict and will not be disturbed on appeal unless plainly erroneous. Hollingsworth v. Rutledge, 236 Ala. 497, 183 So. 656, 2A Ala. Dig., Appeal & Error, ☞ 1009(3). We cannot say that the trial court's conclusion was erroneous.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.