193 So.2d 755

**V. H. STEPHENS et al.**

**v.**

**Melvin Watson STEPHENS.**

**5 Div. 828.**

Supreme Court of Alabama.

Dec. 8, 1966.

Rehearing Denied Jan. 26, 1967.

Hooton & Hooton, Roanoke, for appellants.

John W. Johnson, Jr., Lanett, for appellee.

PER CURIAM.

Appellants, man and wife, filed their amended bill in the Circuit Court of Chambers County, in Equity, against their son, appellee, in which they seek to vacate an instrument purporting to be a deed, with provision that it was to become effective at the end of the natural life of grantor Janie Pearl Stephens.

The bill was originally filed upon the grounds that the deed was executed without consideration and that there was no valid delivery of the instrument. Thereafter the bill was amended to aver fraud in the procurement of said instrument. It was amended further to allege a conspiracy between respondent, the younger son, and his brother, Clarence Stephens, the older son, whereby respondent would be able to convey the property, the subject matter of the suit, to his brother, Clarence, in violation of an alleged agreement between the complainants and respondent. The bill was further amended to allege that the instrument was in the nature of a will.

As we view the pleadings, we concur with appellee that the following issues were presented:

(1) Was there a valid consideration for the instrument which is the subject of litigation?

(2) Was there a valid delivery of the instrument?

(3) Was there any fraud on the part of the respondent (appellee) in obtaining the subject instrument?

(4) Is the instrument under consideration a will or a deed?

While the final decree of the trial court made a factual finding on some of the issues presented by the pleading, the adjudication of the decree was limited to a denial of relief prayed for, and to a dismissal of the bill.

The specific relief sought was an adjudication holding for "naught and annulling the said Exhibit 'A' [the instrument hereafter copied in part] to the Bill of Complaint" and "for such other, further, general and special relief as may be meet and proper in the premises and for such they will ever pray." Also the bill prayed for an adjudication that respondent has no further interest in the land.

There was no adjudication that the instrument is a deed, but only a denial of the relief sought in the prayer of the bill as amended.

We do not think the trial court was precluded in its opinion from making certain judicial findings of fact and conclusions that were pertinent to his determination of the right *vel non* of appellants to relief prayed. These several findings of fact do not amount to an adjudication outside of the prayer for relief.

We agree with the trial court that there was a valid manual delivery of the instrument, which we quote (omitting the acknowledgement and recordation certificate) as follows:

"STATE OF ALABAMA,
CHAMBERS COUNTY

"KNOW ALL MEN BY THESE PRESENTS, That for and in consideration of One Hundred (and the monies already paid to me) DOLLARS to the undersigned grantors V H Stephens and Janie Pearl Stephens in hand paid by Melvin Watson Stephens the receipt of which is hereby acknowledged, we, the said V H Stephens and Janie Pearl Stephens do grant, bargain, sell and convey as hereinafter defined unto the said Melvin Watson Stephens the following described real estate, to-wit:

[200 acres of land, more or less, is here described.]

"The above lands are deeded and conveyed to the said Melvin Watson Stephens with all of the interest and rights of the grantors and to become effective at the end of the natural life of Janie Pearl Stephens, who has had said lands heretofore deeded and conveyed to her for and during her natural life.

"TO HAVE AND TO HOLD as above defined to the said Melvin Watson Stephens, his heirs and assigns, forever, after the life estate of Janie Pearl Stephens.

"And we do for Melvin Watson Stephens his heirs, executors and administrators, covenant with the said Melvin Watson Stephens heirs and assigns, that we are lawfully seized in fee simple as above excepted of said premises; that they are free from all encumbrances and that we have a good right to sell and convey the same as aforesaid; that we will and our heirs, executors and administrators, shall warrant and defend the same to the said Melvin Watson Stephens his heirs, executors and assigns, after the natural life of Janie Pearl Stephens forever against the lawful claims of all persons.

"IN WITNESS WHEREOF we have hereunto set out hands and seals, this 3rd day of March, 1951.

WITNESS:     V. H. Stephens (L.S.)
Paul J. Hooten     Janie Pearl Stephens
                                        (L.S.)"

Then follows a due and regular acknowledgement of both grantors and a separate acknowledgement by the wife, Janie Pearl Stephens, of grantor V. H. Stephens. The instrument, according to certificate, was recorded in the Probate Office of Chambers County, wherein the land is situated, on March 5, 1951.

The instrument was manually handed by complainants (according to the testimony of V. H. Stephens) to grantee, who handed it back to grantors with the understanding that it was to be placed in a safety deposit box in the bank. Both grantors and grantee each had a key to this box and it was accessible to said parties.

■ It is unnecessary to collate numerous cases which hold that recordation of a deed, duly signed and attested and acknowledged, as here, constitutes a delivery completing execution, and is equivalent to a delivery to the grantee.—Vol. 7A Alabama Digest, Deeds, ⌖58(4). Here the instrument was not only recorded by grantors, but was manually delivered to grantee, as above noted.

■ We think the instrument in question and aforequoted recites a valid consideration that is valuable. It recites that grantee paid grantors $100 (plus other monies) as a consideration. Grantee testified that the sum was paid, while grantors denied such payment.

■ Even though the recited consideration is nominal, and in fact not paid, such recital conclusively estops the grantors, in the absence of fraud or mistake, from disputing the operation and effect of the deed, whether in law or equity. Stewart v. Stewart, 171 Ala. 485, 54 So. 604. A

deed is valid and operative as between the parties and their privies whether founded on consideration or not. Porter v. Roberson, 263 Ala. 294, 82 So.2d 244.

It appears from the evidence that complainants were unwilling for the older son, Clarence Stephens, to share other than a token sum in their estate. They were fearful that if they continued in effect a will to grantee to the lands here in question that appellee would not resist a contest of the will at the instance of the older son, whom the appellants thought had mistreated them. Hence they went to a local lawyer of excellent ability and reputation, who prepared the instrument aforequoted. They claim that they had an understanding incident to the execution and delivery of the deed that the junior son would not at any time let the senior son of grantors acquire any interest in the land. In other words, it is asserted that the grantee agreed to complainants' plan to disinherit said older son. Complainants now claim that the grantee and the older son were in league or in accord to share an interest in the land and that they conspired to defeat the understanding and agreement between grantors and grantee to exclude the older son from acquiring an interest or part in the lands; that said agreement and conspiracy was in fraudulent procurement, execution and delivery of said instrument.

We think that to delineate the alleged conversations between grantors and grantee, and the alleged conversations between the two sons, which appellants contend support their contention of fraud in the procurement and execution of the deed, would unduly burden this opinion without useful purpose. Suffice it to say that the trial court heard the witnesses and decided adversely to appellants.

One of the contentions to which appellants attach much importance, and which they contend the court did not consider, is that the two sons, looking toward the senior son acquiring an interest in the property, and in support of complainants' assertion of fraud as alleged in the bill, entered into a conspiracy whereby complainant, the mother, was to be restrained and placed in an institution for the mentally retarded or incompetent patients.

Pursuing the theory of such conspiracy, complainants offered in evidence the application for such confinement which was filed with the probate judge, but was never acted upon. The application was signed or made by both sons.

■ The trial court commented that it could not see the relevancy of such application to the alleged theory of conspiracy and sustained objection thereto. The ruling was permissible when the evidence, as here, is taken orally before the trial court. See last line of Act No. 101, General Acts of 1943, p. 105; § 372(1), Title 7, Recompiled Code of 1958.

Presuming without deciding that said application was admissible in evidence as shedding light on the issue of conspiracy, we think such application was extremely remote and lends very little support, if any, to the theory of conspiracy. Such admission would invite further testimony as to whether or not there was any factual basis for such application, thereby extending the evidence far afield.

We fail to see just how the confinement of the mother in an institution for mental incompetents would help or aid the two sons in effecting a division of the property in violation of the alleged agreement not to let the elder son acquire any interest in the land.

■ The record before us shows that there was no specific objection made to the testimony of the Judge of Probate that the two sons came to his office to have Mrs. Stephens committed to the institution and that both sons signed an application for such admission. The objection was made to the introduction of the application and the answers to questions pertinent to said application. We, of course, have no way

of knowing what consideration, if any, the trial court gave to the testimony to which no objection was made. If an overt act on the part of said sons was pertinent to the issue of conspiracy, then the trial court had before it evidence of the overt act in appearing before the Probate Judge to obtain the admission. The refusal to admit the application, if error, was without injury to complainants. Rule 45, Supreme Court Rules.

The trial court heard all the evidence as to the existence of fraud as alleged and as to any alleged conspiracy. It ruled adversely to the contentions of appellants. This court has held that in equity cases, as here, where witnesses are examined ore tenus, the court's conclusion has the same force as a verdict of a jury and will not be disturbed unless contrary to the great weight of the evidence. Jackson v. Jackson, 204 Ala. 257, 85 So. 482. We are unwilling to disturb the findings of the trial court.

We might add that we have carefully reviewed all the evidence and conclude therefrom that the trial court was correct in evaluating the evidence in its findings of facts. We might add parenthetically that the family rift was unfortunate and regrettable. Appellants were determined to exclude their older son from participating materially in their estate and took the route by deed to their younger son to effect such exclusion. It was their privilege to undertake the exclusion in this manner. They have, under the evidence, irrevocably placed themselves in a position of no return and are bound by the terms of the deed so far as this proceeding is concerned.

As we read the evidence, the junior son is afraid that if he releases the land to his father and mother that in their declining health they will improvidently part with the land to their impoverishment. Hence it is, the son testified, that with his supervision he is willing for his father and mother to sell sufficient timber to meet their reasonable needs. This court is bound by the law of the case and cannot let sentiment interfere beyond the confines of law.

We conclude that the instrument here under consideration is a deed and not a will. The instrument reserves a life estate to Mrs. Stephens. This was the effect of the provision that the instrument was to become effective at the end of the natural life of Janie Pearl Stephens, who has had said lands theretofore deeded and conveyed to her for and during her natural life. The trial court was correct in its conclusion that the instrument is a deed with such reservation. See Jackson et al. v. Naylor et al., 275 Ala. 197, 153 So.2d 631, and the cases therein cited. Assignments of error that are argued are without merit.

We pretermit any decision as to the legal rights of complainants to the timber on the land. The right of complainants to cut the timber without the consent of respondent is not an issue in this case.

The decree is affirmed.

The foregoing was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.