228 So.2d 764

**L. A. RENFROE and Gladys Renfroe**

**v.**

Mary F. WEAVER, a widow.

**5 Div. 885.**

Supreme Court of Alabama.

Nov. 20, 1969.

James Noel Baker, Opelika, for appellants.

Samford, Torbert & Denson, Opelika, for appellee.

McCALL, Justice.

The appellants in this case, L. A. Renfroe and Gladys Renfroe, seek to reverse a final

decree of the circuit court, in equity, enjoining them from obstructing and interfering with the ingress and egress of the appellee, Mary F. Weaver, over and through a right-of-way claimed by her, and further, from repairing, assembling, working on, or testing automobiles and "hot-rods" at appellants' garage so as to cause loud and offensive noises, odors and annoyances to the appellee.

The parties derived title from the common grantors, S. F. Appleby and wife. The appellee acquired title to her two adjoining lots in 1957 and 1958, respectively, and the appellants received their deed in 1962 to the lot adjoining the appellee on the southwest along a common 300 foot boundary line. The Appleby deed to the appellants reserves a right-of-way in the real property conveyed, being described as follows:

"* * * less a 30 foot wide right-of-way over and through a portion of said Lot 26, which is reserved for an already existing road, situated in Lee County, Alabama."

The appellants contend that the right-of-way in question was located and estabilshed along a road across a northwest portion of their lot, crossing in a southwesterly direction on to and across the property of one Floyd which adjoins appellants to the southwest, leaving severed a northwesterly part of appellants' lot between said road and their northwest boundary, along Lot 26, on which appellants constructed a garage and dug a deep well. After crossing Floyd's property the road gradually angles and runs in a southwesterly direction across the lot of one Elmore to the northwest boundary of said Lot 26 and then southwestwardly along this boundary to the Old Opelika Road. This is the location of the right-of-way contended for by appellants.

In 1965, Floyd built a chain link fence along his northeast property line, which is appellants' southwest property line, to within 30 feet of the northwest line of said Lot 26 of the subdivision, and he extended this fence southwesterly 75 feet across the front of his lot, leaving the 30 foot right-of-way in front of the Floyd lot. The fence cuts off travel across the lots of Floyd and Elmore as formerly used by those going to and from appellee's and appellants' properties. Access to appellee's lot has thus been changed and is reached by traveling a road in front of the Elmore and Floyd lots along the northwest boundary of Lot 26 to the northwest corner of Floyd's lot where travelers are required to make a right angle turn around the Floyd property and then proceed across the appellants' property.

The appellee contends that the right-of-way as originally located and established in the Appleby deed to the appellants did not run along the way or course utilized by her up to the time Floyd built the fence, but was in truth located and established along a prolongation or extension northeastwardly of the 30 foot right-of-way inside of and bordering the northwest boundary line of said Lot 26 to the southerly boundary of appellee's property. She further contends that the appellants should be required to clear this right-of-way of the garage and deep well placed thereon by them, because they obstruct and interfere with her freedom of use of the right-of-way as it was initially located and established pursuant to the right-of-way clause in appellants' deed. She also insists that the nuisance created by the noise, odors and annoyance from the operation of the garage should be abated.

The question in the case is: Was the *already existing road,* for which the 30 foot wide right-of-way over and through a portion of Lot 26 was reserved, located and established as contended for by the appellee, or did said *already existing road* follow the course contended for by the appellants?

■ Before considering this question, we first wish to address ourselves to the appellants' contention that the right-of-way clause in the Appleby deed to them is a reservation by the grantor, as distinguished from an exception, and hence is not for the benefit of the public or the appellee, and

**4**

therefore cannot be enforced by the appellee. We think that under former holdings of this court, it makes no material difference whether we treat such a clause as a reservation or as an exception. In Webb v. Jones, 163 Ala. 637, 642, 50 So. 887, 888, this court said in dealing with the subject of reservations and exceptions:

" * * * The prime purpose of all interpretation is to arrive at the intention of the parties to the instrument under examination. * * * But the learning in respect to the distinctions between reservations and exceptions is artificial, and so apt not to be observed in the preparation of deeds that at this time the courts construe a reservation as an exception, and vice versa, in order to give effect to the obvious intention of the parties. Bowen v. Conner, 6 Cush. (Mass.) 132; Winthrop v. Fairbanks, 41 Me. 307; White v. N. Y., etc., R. R. Co., 156 Mass. 181, 30 N.E. 612. 'As an exception may be created by words of reservation, little reliance can be placed upon the language used in determining whether the right is by way of exception or by way of reservation.' Claffin v. B. & A. R. R. Co., 157 Mass. 489, 32 N.E. 659, 20 L.R.A. 638. Form, then, must be brushed aside when once the court, looking through form to substance, is able to discern clearly the real purpose and intent of the parties. * * * "

The common grantors, the Applebys, had already conveyed to the appellee in 1957 and in 1958, when in 1962, they executed a deed to the appellants containing the right-of-way clause under consideration. The record shows that the Applebys own no other real property which the right-of-way would serve. Obviously it would be of no personal benefit to them to reserve the right-of-way. The record does show however, that the Applebys had good reason to protect their grantee, the appellee, by providing her with a way of ingress and egress across their remaining property which adjoined the appellee to the southwest before conveying it to the appellants, because such way was necessary to the enjoyment of the estate granted the appellee. Otherwise the appellee's lot would have been completely surrounded and blocked in without a way of ingress and egress. It is to be noted also that the reservation of the right-of-way was not to the grantors, Applebys, but it was *reserved for an already existing road,* and, it follows, for those already having a right to use that road. The appellee had such right of use in the road when the right-of-way over and through it was reserved. Appleby testified that when he sold to Mrs. Weaver, he told her that he would leave a right-of-way in order for her to get to her property, and when he sold to the appellants, he told them to leave Mrs. Weaver a right-of-way. The results of this situation is aptly summed up in Brewer v. Avinger, 208 Ala. 411, 94 So. 590, where the court quotes from 19 C.J. 914 § 103 as follows:

" 'Where the owner of an entire tract of land, or of two or more adjoining parcels, employs a part thereof so that one derives from the other a benefit or advantage of a continuous and apparent nature, and sells the one in favor of which such continuous and apparent quasi easement exists, such easement, being necessary to the reasonable enjoyment of the property granted, will pass to the grantee by implication.' * * * " See also 28 C. J.S. Easements § 103.

This rule is fully discussed by this court in Walker v. Clifford, 128 Ala. 67, 29 So. 588; Gaynor v. Bauer, 144 Ala. 448, 39 So. 749, 3 L.R.A.,N.S., 1082; and 10 Am. & Eng. Encyc. Law (2d ed.), 420.

■ So we conclude also that prior to Applebys' conveyance to appellants, the appellee, as the grantee of the dominant estate, had an evident need for the right-of-way across the servient estate and that an easement by implied grant vested in her which permits her to sue for any obstruction of or interference with her ingress or egress over it.

■ While appellants have made eleven separate and several assignments of error

on the record, they have neither argued nor referred to any of these as required by Supreme Court Rule 9, Revised Rules of the Supreme Court of Alabama, 279 Ala. XXI, other than the argument in their brief that there was no evidence or that the evidence was entirely insufficient to support the trial court's finding as to the location of the *already existing road* over and through which the 30 foot wide right-of-way was reserved. Where an appellant assigns several grounds for error in the transcript, but fails to allude to many of them in his brief, which consists of a number of general propositions of law, the brief in this regard is insufficient to justify a consideration of such assigned errors. State ex rel. Taylor v. Jolly, 283 Ala. 339, 216 So.2d 730; Zanaty v. Hagerty, 280 Ala. 232, 191 So.2d 516. So we will consider only the sufficiency of the evidence to support the court's final decree with respect to the location of the *already existing road.*

As to the location of this *already existing road* the trial judge heard the witnesses in open court as they gave their testimony orally before him. He saw and observed them while giving their testimony, and he personally questioned many of them. In addition, he visited the property and made personal observations on the ground of physical objects supporting the decree. Then, based on the testimony and these observations the trial judge made a determination as to where the *already existing road* was in fact located and situated, when the appellants in 1962, received their conveyance of real property over and through which the 30 foot wide easement was reserved.

■■■ This court finds from the transcript of the testimony of the witnesses and the other evidence produced during the trial of this case, that there was sufficient evidence for the trial judge to base his findings and final decree upon. Not only this, but we also recognize the rule of law that findings and conclusions of fact made by a trial judge, based on testimony taken ore tenus before him in open court are presumed to be correct and that such findings and conclusions carry with them the force of a jury verdict. Stephens v. Stephens, 280 Ala. 312, 193 So.2d 755; Casey v. Krump, 263 Ala. 346, 82 So.2d 424; Kite v. Head, 278 Ala. 340, 178 So.2d 166. Unless such findings and conclusions are palpably wrong or without some supporting evidence, or are manifestly unjust, which we do not find to be the case, the final decree of the trial court is due to be affirmed. Dunn v. Fletcher, 266 Ala. 273, 96 So.2d 257; Christian v. Reed, 265 Ala. 533, 92 So.2d 881; Holoway v. Carter, 261 Ala. 51, 72 So.2d 728; Deese v. Odom, 283 Ala. 420, 218 So.2d 134.

The decree appealed from is therefore affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN, and BLOODWORTH, JJ., concur.