258 So.2d 866

Vesta G. JOHNSTON and J. B. Johnston

v.

Ray D. BRIDGES et al.

1 Div. 677.

Supreme Court of Alabama.

Feb. 24, 1972.

Rehearing Denied March 23, 1972.

J. B. Johnston, pro se.

Leon G. Duke, Armbrecht, Jackson & DeMouy, and W. Boyd Reeves, Mobile, for appellees.

**158**

McCALL, Justice.

The gist of this suit, filed in equity by Ray D. Bridges, Sheriff of Mobile County, Calvin S. Byrd, a school teacher, Leon G. Duke, Jr., an attorney at law, H. Few and Jere Benson, deputy sheriffs, as complainants, against J. B. Johnston and Vesta G. Johnston, husband and wife, as respondents, is to enjoin the prosecution of certain court actions, pending against them, or some of them, in the Circuit Court of Mobile County, Alabama, and to restrain and enjoin the respondents Johnstons from filing further litigation against the complainants.

More particularly, the bill alleges that on August 21, 1961, J. B. Johnston had Calvin S. Byrd arrested on a charge of issuing a worthless check, that upon Byrd's acquittal, the latter filed an action for malicious prosecution against Johnston, that he recovered a judgment for $31,630 against Johnston, which the Supreme Court affirmed, conditioned on Byrd's filing a remittitur, reducing the amount to $15,000, that Byrd filed the remittitur on April 28, 1966; that Calvin S. Byrd and his wife, Estelle Byrd, and J. B. Johnston and his wife, Vesta G. Johnston, executed a written agreement on June 28, 1966, to settle all differences between themselves, which then existed, or may have existed in the past, and to release and discharge all claims against all persons having to do with any and all litigation, involving Calvin S. Byrd and the Johnstons. This agreement is made a part of the bill of complaint. By its terms, the Byrds agreed to cancel the judgment in the malicious prosecution case, to dismiss a pending suit in equity against the Johnstons, and, in consideration of the payment by J. B. Johnston of $10,000 to Byrd, to convey to Vesta G. Johnston certain real property formerly owned by J. B. Johnston, which had been conveyed previously to Byrd by a sheriff's deed, dated May 25, 1964. The Johnstons agreed to pay the $10,000, to dismiss all pending cases against Calvin S. Byrd, and to release and discharge all claims against all court officials of Mobile County, all officers of the circuit court, all law enforcement officers and all other persons, having knowledge of, or executing official orders, in any and all litigation involving Byrd and Johnston. The bill alleges that the respondents since have filed numerous cases against the complainants and continue to file actions against them arising out of the differences which were settled and concluded by the settlement agreement of June 28, 1966, that the filing of these cases is an abuse of the court and an harassment and vexation of these complainants, causing them to suffer irreparable injury, and that they have no adequate remedy at law to stop the harassment, vexation and injury to them.

The bill avers that in one case, number 32,512, which complainants seek to enjoin, the Johnstons claim property which has been the subject of a suit in the United States District Court that terminated adversely to the Johnstons and was affirmed by the Fifth Circuit Court of Appeals on appeal, Johnston v. Byrd, 354 F.2d 982, 241 So.2d 839; that a second case, number 32,613, is substantially the same case as one, filed by the Johnstons against Leon Duke, as agent for Byrd, on the equity side of the court, to which a demurrer had been

sustained, and that ruling affirmed by the Supreme Court, Johnston v. Duke, 286 Ala. 359; and that in a third case, number 29,045, the issue of malicious prosecution, counted on by J. B. Johnston, is the same cause of action set out in an earlier case between these same parties that resulted in a judgment for the complainants herein, and that it was affirmed by the Supreme Court, Johnston v. Duke, 284 Ala. 359, 224 So.2d 906. The complainants also allege in their bill that the claims, out of which the litigation in these three cases arises, were settled and concluded by the agreement of June 28, 1966, and that they were released and discharged by the appellants from these claims.

■ The first assignment of error is that the court erred in overruling appellants' demurrer to the petition seeking a temporary injunction. The first ground of this demurrer is that the complainants (appellees) have an adequate remedy at law in the defense of those pending cases that they complain about in their bill, viz.: 32,512, 32,613 and 29,043. The foregoing ground of demurrer is the equivalent of each of the two other grounds of demurrer, which are, respectively, (2) "There is no equity in the bill," and (3) "The Complainants have an adequate remedy at law." So, all grounds of the demurrer being equivalent, we will treat them together. The grounds are general, and therefore only test the equity of the bill. Rule 14, Alabama Equity Rules, Tit. 7, Appendix, p. 1219, Code of Alabama, Recompiled 1958; Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580; Wood v. Estes, 224 Ala. 140, 142, 139 So. 331; Percoff v. Solomon, 259 Ala. 482, 489, 67 So.2d 31. A general demurrer is properly overruled, if the bill contains any equity. Cherry Investment Corp. v. Folsom, 273 Ala. 575, 143 So.2d 181; Lauderdale County Board of Education v. Alexander, 269 Ala. 79, 110 So.2d 911.

■ In testing its sufficiency against a general demurrer, a bill to enjoin vexatious and harassing litigation contains equity. It is stated in Pomeroy's Equity Jurisprudence, Vol. 1, 5th Ed., 1941, § 261j, p. 551, as follows:

"The prevention of vexatious, oppressive and ruinous litigation is a frequent cause for the exercise of equity jurisdiction, and injunctions to restrain a multiplicity of suits in such cases are not only permitted, but favored, by the courts. A conspiracy to prosecute, by concert of action, numerous baseless claims against the same person for the wrongful purpose of harassing and ruining him, par·· takes of the nature of a fraudulent con-·· spiracy, and the bringing of such suits will be enjoined to prevent a multiplicity of suits which would subject the plaintiff to enormous expense and inconvenience."

In Meredith v. John Deere Plow Co. of Moline, Ill., 8th Cir., 1958, 261 F.2d 121, 124, cert. denied, 359 U.S. 909, 79 S.Ct. 586, 3 L.Ed.2d 574, the court had a similar injunction before it and stated:

"As to appellee's right to the injunction issued, the subjecting of another to repeated, baseless and vexatious suits at law on some particular subject matter is, without reference to other considerations, a sufficient ground for the issuance of an injunction against the perpetrator. First State Bank v. Chicago, R. I. & P. R. Co., 8 Cir., 63 F.2d 585, 590, 90 A.L.R. 544; Lee v. Bickell, 292 U.S. 415, 421, 54 S.Ct. 727, 78 L.Ed. 1337. See also Martin v. Beaver, 238 Iowa 1143, 29 N.W.2d 555, 558."

The language used by the Supreme Court of Minnesota in the case of Favorite v. Minneapolis Street Ry. Co., 253 Minn. 136, 91 N.W.2d 459, is appropriate here. There the plaintiff, a minor, was injured when struck by a street car. An action for damages was commenced in 1942. Upon petition of the father in November of 1942, the court ordered that an agreed settlement be approved and allowed, and also ordered that the defendants shall be finally absolved and acquitted from any further

claims and demands by any person whomsoever on account of the accident and injuries to the minor. The parties stipulated that the action be dismissed, and the same was dismissed with prejudice. Subsequently, the plaintiff sought to reopen the litigation and proceed once again. In granting injunctive relief the court said:

"* * * Repeated litigation of a right which has been adjudicated with finality is without any legitimate purpose and constitutes a vexatious and oppressive harassment of a litigant in contravention of his right to a speedy and efficient administration of justice. If successive suits could be brought to litigate the same questions between the same parties or their privies as often as either should choose, remedial justice would soon become a mere mockery. It is generally recognized to be proper for a court to issue a permanent injunction to restrain the initiation of successive suits and proceedings to relitigate a cause of action—based on the same facts and with identical issues and parties—which has already been adjudicated with finality."

We think that the equity in the complainants' bill is well laid in its averments, and in our opinion the court committed no error in overruling the respondents' general demurrer.

We deem it appropriate to state at this time that, in a case of this kind, the Supreme Court's jurisdiction is revisory and appellate solely. Worthington v. Worthington, 215 Ala. 447, 111 So. 224. The court will consider only rulings of the trial court, adverse to the appellants, which have been duly assigned as error. Thornton v. Tutt, 283 Ala. 72, 214 So.2d 425; N. A. A. C. P. v. State, 274 Ala. 544, 150 So. 2d 677; Mulkin v. McDonough Construction Co. of Ga., 266 Ala. 281, 95 So.2d 921. The Supreme Court will not search out the record to determine whether or not the trial court might have erred in some particular where an appropriate assignment of

error is lacking. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133; Woods v. City of Tuscaloosa, 43 Ala.App. 626, 198 So.2d 306. An appellant must specify in his assignments of error the rulings of the trial court, adverse to him, that he would have the appellate court review. Greer v. Eye Foundation, Inc., 286 Ala. 63, 237 So.2d 456; Kinnon v. L. & N. R. R. Co., 187 Ala. 480, 65 So. 397; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639; Thomas v. Brook, 274 Ala. 462, 149 So.2d 809. And, adverse rulings not specifically assigned, will not be considered on appeal. State v. Boone, 276 Ala. 16, 158 So.2d 658; Tidwell v. Town of Town Creek, 264 Ala. 330, 87 So.2d 646; Meadors v. Haralson, 226 Ala. 413, 147 So. 184.

Likewise, where a brief does not direct the attention of the court to what is deemed error, an appellate court is not required to search the record and cast about for errors not clearly specified in the brief. Dudley Brothers Lumber Co. v. Long, 268 Ala. 565, 109 So.2d 684; Morton v. Clark, 10 Ala.App. 439, 65 So. 408.

In its final decree the trial court found that the written instrument, entered into on June 28, 1966, by the Byrds and the Johnstons, appeared to be a validly executed settlement agreement, reciting a valuable consideration of $10,000, which was not only executed, but was notarized as a solemn legal document, and the court further found that it would work irreparable hardship on appellees, Ray D. Bridges, Calvin S. Byrd and Leon G. Duke to be constantly called upon to defend each and every lawsuit that might be prepared and filed by the appellants J. B. Johnston and Vesta G. Johnston. The court ordered, adjudged and decreed among other matters that the clerk of the court dismiss: (1) case number 29,045, which is styled J. B. Johnston v. Leon G. Duke, Ray D. Bridges, and Calvin S. Byrd, (2) case number 32,512, which is styled Vesta G. Johnston v. Ray D. Bridges, Jerry Benson, H. Few, Leon G. Duke and Calvin S. Byrd, and (3) case number 32,613, which is styled J. B. John-

ston v. Calvin S. Byrd and Leon Duke, as agent. The court enjoined the appellants from filing any further litigation on any subject matter relating to the past litigation between Calvin S. Byrd and J. B. Johnston.

The appellants' second and remaining assignment of error is:

"2. The Court erred in its final decree restraining Respondents from proceeding further with cases numbered, to-wit (sic), 32512, 32613, and 209,045 (sic) then pending in the Circuit Court of Mobile County, Alabama. (Tr. p. 171)"

The appellants' argument is that the appellees did not carry out the settlement agreement, entered into by the parties on June 28, 1966, and that they therefore are not bound by it. The appellees deny these contentions and insist that their performance was one hundred percent. We have carefully examined and considered the entire record in this case. Without undertaking to so much as summarize the evidence, suffice it to say that while the testimony on this issue of performance, or not, was in conflict, there was legal evidence to support the appellees' insistence that they performed. The trial court, as it had a right to do, weighed this issue under the evidence in favor of the appellees. This court has repeatedly recognized the rule of law that findings and conclusions of fact made by a trial judge, based on testimony taken ore tenus before him in open court, are presumed to be correct and that such findings and conclusions carry with them the force of a jury verdict. Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764; Stephens v. Stephens, 280 Ala. 312, 193 So.2d 755. In Renfroe v. Weaver, supra, 285 Ala. at p. 5, 228 So.2d at p. 767, we said:

"* * * Unless such findings and conclusions are palpably wrong or without some supporting evidence, or are manifestly unjust, which we do not find to be the case, the final decree of the trial court is due to be affirmed. * * *"

Therefore there is no merit in appellants' argument that the settlement agreement was void, or, we might add, was breached by the appellees.

In case number 29,045, which was one of those cases dismissed by the chancellor, J. B. Johnston filed an action at law in the Circuit Court of Mobile County, Alabama, on July 14, 1969, seeking monetary damages against Ray D. Bridges, Calvin S. Byrd, and Leon G. Duke, Jr. and his law partners, and he alleged as ground therefor, a conspiracy by the defendants for maliciously causing his arrest on May 15, 1964, on a charge of disposing of or removing property, of which charge he was discharged on February 26, 1969.

The appellees insist that they were released and discharged from the appellants' claim, the basis of this action, by the agreement of June 28, 1966.

Mr. Johnston contends that since he was not authorized to maintain his action for malicious prosecution until the termination, in his favor, of the original criminal proceeding against him, the settlement agreement did not affect his right to later sue for malicious prosecution after entering into the release.

Title 7, § 381, Code of Alabama, 1940, Recompiled 1958, provides:

"* * * All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."

There is no ambiguity in the language which the parties used in their written undertaking of June 28, 1966, so the interpretation or construction of the settlement agreement was a function of the court, the judicial purpose and duty being to ascertain the lawful intentions of the parties therein expressed, and to give effect to that intention. Miles v. Barrett, 223 Ala. 293, 134 So. 661; Wright v. McCord, 205 Ala. 122, 88 So. 150; Barbour v. Poncelor, 203 Ala. 386, 388, 83 So. 130;

Gravlee v. Lamkin, 120 Ala. 210, 24 So. 756.

The preamble to this agreement recites in part:

"COMES NOW Calvin S. Byrd and Estelle Byrd * * * and Vesta G. Johnston and J. B. Johnston * * * enter into and make this agreement to effect a settlement of all differences between the parties which exist or may have existed in the past, and hereby agree to the following:

\* \* \* \* \* \*

" * * * the Parties of the Second Part J. B. Johnston and Vesta G. Johnston DO HEREBY AGREE and with this agreement do RELEASE AND DISCHARGE all claims, if any, that may exist or may have existed in the past, or any claims that may have purported to have existed, against all court officials of Mobile County, all officers of the said circuit court of Mobile County, and all law enforcement officers and in particular the Honorable Walter B. (sic) Gaillard, the Honorable Joseph Hocklander, the Honorable Ray D. Bridges, the Honorable John E. Mandeville, and Leon G. Duke, and any and all other persons or officials who have had knowledge of or have executed any official orders in any and all litigation involving Calvin S. Byrd, and the Parties of the Second Part of this agreement heretofore identified as Vesta G. Johnston and J. B. Johnston."

■ The above quoted language of the contract between the parties shows a clear, unambiguous and comprehensive intent to settle all differences between the parties and release all claims against the persons enumerated. There can be no doubt that one of the "differences between the parties" at that time was the alleged arrest of J. B. Johnston on May 15, 1964, the basis of his claim, for which his action for malicious prosecution was afterwards instituted. We think that the release and discharge of all claims was so comprehensively expressed in the contract as to include the consequences that might result or flow from the alleged wrongful arrest. The stated language of the court's opinion in the case of Barbour v. Poncelor, 203 Ala. 386, 388, 83 So. 130, 132, is to this effect. There the court said:

" * * * For the expression of the purpose manifest upon the face of this release, broader terms could not have been chosen. The effect and operation of the unequivocal terms thus employed —unqualified by anything else appearing in the writing—cannot be restricted to claims known to both the parties or to the releasor only, even though a claim or claims existed in favor of the releasor in consequence of the releasee's fraudulent acts or omission in respect of the sales of the two blocks of stock, of which wrongful acts or omissions the releasor was wholly ignorant until after his release was given; * * *"

■ The contract of release was sufficiently supported by consideration so as to cover, in addition to those specifically named, but not actual parties to the execution of the settlement agreement, those persons referred to therein. " * * * A consideration for a release moving from a third person on behalf of the releasee to the releasor * * * is as adequate as a consideration moving directly from the releasee to the releasor." 76 C.J.S. Release § 12, p. 636.

For the reasons we have set forth, the final decree of the trial court is due to be affirmed and the same is hereby affirmed.

*Affirmed.*

HEFLIN, C. J., and COLEMAN, HARWOOD, and BLOODWORTH, JJ., concur.