This is an appeal by plaintiff, Phillip Duff, Jr. (Duff) from a judgment in favor of American Cast Iron Pipe Company (ACIPCO) denying employment reinstatement and back pay to plaintiff. We reverse and remand.
Duff was employed by ACIPCO in 1969. In 1972 he began to miss work due to psychological problems. In March of that year ACIPCO referred Duff to Dr. Cemil Cezayirili, a psychiatrist with the Frank Kay Clinic, pursuant to an (unwritten) agreement between ACIPCO and the clinic. Under that agreement any mentally disturbed employee who could not be treated by ACIPCO's medical staff was sent to the clinic at ACIPCO's expense. Duff was treated by Dr. Cezayirili who hospitalized him on two different occasions. After the first hospitalization in March, 1972 Duff remained under the care of Dr. Cezayirili as an outpatient. On May 23, 1973 Dr. Cezayirili again found Duff to be ill. However, two days later on May 25, 1973 Duff was seen by an ACIPCO physician who, unaware of Dr. Cezayirili's examination, found no reason why Duff could not return to work. However, Duff did not return to work, and on June 7, 1973 he was again placed in the hospital by Dr. Cezayirili.
On that same day Duff's department superintendent, Mr. William G. Hairston, invoked ACIPCO's Plant Rule 24 which resulted in the termination of Duff's employment. Plant Rule 24 is violated by:
 Absence for a period of 14 calendar days without acceptable excuse made known to immediate supervisor.
The minimum penalty for a violation of this rule is discharge.
In bringing this action for reinstatement and back pay Duff alleged that ACIPCO wrongfully discharged him under Rule 24. The trial court denied the requested relief upon its findingore tenus:
 That commencing on May 25, 1973, the Plaintiff was absent from his employment until a date subsequent to September 10, 1973 without having presented any excuse or justification for his absence during such period to his immediate supervisor. The Plaintiff was regularly discharged from his employment on June 7, 1973. *Page 888 
 That under the circumstances presented, the Plaintiff's discharge by the Defendant on June 7, 1973 was not wrongful or contrary to Rule 24 as adopted and set forth in the Employee Handbook.
Duff appeals from this judgment.
Violation of Rule 24 is in its nature a contractual pre-condition to discharge in the ACIPCO-Employee Community, and it is the only such condition relied upon by ACIPCO in this case. Thus the issue before us is whether or not the trial court was correct in finding that Duff was in violation of Plant Rule 24 and therefore properly discharged.
The trial court found in effect that the 14-day period of Rule 24 began May 25 and this conclusion of fact based on testimony heard ore tenus is supported by evidence. SterlingOil of Oklahoma, Inc. v. Pack, 291 Ala. 727, 287 So.2d 847
(1973); Renfroe v. Weaver, 285 Ala. 1, 228 So.2d 764 (1969). This would make June 7 the final day in which Duff could have reported his sickness in compliance with the rule. The evidence also shows, however, that on June 7 Duff was hospitalized in an almost catatonic state, hallucinating and mentally confused.
ACIPCO does not dispute that on June 7 Duff was incapable of reporting but argues that notice to the supervisor is the important element, and since there was no report of the illness to the supervisor within the two-week period Duff fell within the rule. We do not agree. The evidence amply shows that Rule 24 had been leniently applied since its inception. At the trial ACIPCO's Superintendent of the Mono-Case Department was asked on cross-examination:
 Q — in administration of this Rule, I want to know whether or not if a person was physically and mentally incompetent to notify anybody and nobody knew anything about him, for instance he was out of the city, out of the state, would the Rule still apply?
He answered:
 A Knowing me and knowing my Company, if somebody came after the fact with evidence that this man was absolutely — had no way of knowing, had no friends, no family, no nothing, that he could have gotten word to us, we would reconsider.
On cross-examination this testimony was further clarified:
 Q Mr. Hairston, I believe you also said and in response to the hypothetical question I put to you that under the circumstances involved in that case, knowing the Company as you did, and after those facts came to their attention that the Company in all probability would reconsider the termination of that employee. Is that not what you said?
 A Yes, sir. I said knowing my Company and my own attitude about this, I'm sure that we would reconsider.
The Personnel Director of ACIPCO for over forty years, when asked if he had heard of a situation where an employee was absent over fourteen days and mentally incompetent to do anything and then been discharged under Rule 24, replied: "I don't recall one. I don't recall one."
There was further evidence that ACIPCO never questioned "who" gave the notice for Duff. For that matter ACIPCO argues that its leniency in applying the notice rule, which allows parents or anyone else to report in for an employee, negates Duff's argument of inability to comply with Rule 24. But that contention begs the issue. If Duff was mentally incapable of reporting in on the 7th day of June he certainly would have been unable to ask anyone else to call in for him. Nor can Duff be properly discharged under the requirements of Rule 24 for the failure of others to gratuitiously seek out the nature of his illness and report for him. The contract of employment in question was between ACIPCO and Duff, not ACIPCO and anyone else. We believe that Rule 24 necessarily contains an implied condition precedent, presupposing that the employee affected by it is mentally and/or physically capable of compliance. In this case the facts establish without dispute that Duff *Page 889 
was mentally incapacitated and could not perform his responsibilities under the rule on the 14th day of the Rule 24 period. ACIPCO admits as much.
In American Chain Cable Co., 48 LA (Labor Arbitration Reports) 1369, Arbitrator David Keefe found that an employer was not justified in discharging an employee who was absent without notice where a psychosis caused her to lose her ability to respond to ordinary responsibilities. The arbitrator said:
 In every case, the employee is expected to and must comply with the rule for reporting the absence and going on sick-leave. The only obvious exclusion from this all-embracing responsibility would be when the patient is in coma, as from a serious accident, and has not the power to make or instigate such a report. It is rather difficult to conceive that a person, physically capable . . . could, from psychotic reasons, lose the ability to respond to ordinary responsibilities. Such, however, is the case — and the actuality in this instance.
Because of this incapacity we hold discharge was improper on June 7th and therefore wrongful under law. Because an acceptable reason for absence was present, Plant Rule 24 was not violated and thus discharge under it was improper. Therefore the trial court's judgment was incorrect as a matter of law. Messer v. Messer, 280 Ala. 395, 194 So.2d 552 (1967). Accordingly, that judgment must be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.