EMBRY, Justice.
This is a fraud case that arose from the sale of a house and lot to William P. Dexter and wife Betty S. Dexter (now Betty S. Lee) by Wilmer E. Baker and wife Mary L. Baker. The Dexters’ action is against the Bakers and the Bakers’ real estate broker, Arthur Mannich. Verdict was directed by the trial court in behalf of defendants and judgment entered accordingly. The Dex-ters appeal from that judgment.
The dispositive issue on this appeal is whether under the evidence the case should have been submitted to the jury on the question of liability and compensatory and punitive damages. We hold that it should have been so submitted and therefore reverse.
The gist of the Dexters’ claim is that the property (house and lot) was represented to them to be in excellent condition, constructed according to, and meeting, Veterans Administration specifications, when in fact it did not. The Dexters say they relied upon these representations. Further, that certain latent defects in the premises were concealed from them which deceived and misled them; all to their substantial injury.
The action of the Dexters was bottomed on Sections 6-5-100 through -103, Code 1975:
§ 6-5-100
“Fraud by one, accompanied with damage to the party defrauded, in all cases gives a right of action.”
§ 6-5-101
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
§ 6-5-102
“Suppression of a material fact whi<ih the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case.”
§ 6-5-103
“Willful misrepresentation of a material fact made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive and mislead, will not support an action. In all cases of deceit, knowledge of a falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.”
The tendency of the evidence in behalf of the Dexters was that the property was represented to be in excellent condition, was built to and met Veterans Administration specifications, and had been inspected and approved by the VA; that these representations were false and were known to be false *554 and were made intentionally to deceive or were recklessly made with the intent to deceive. Further, that they, the Dexters, relied upon the representations as inducements for them to purchase the property; that the representations were false in that the property was neither built to VA specifications, nor did it meet same, but, to the contrary, it was defective regarding roof supports, insulation, electrical wiring, heating and air conditioning, water supply, the septic tank system and other items. Further, that many of these defects and deficiencies, although known to the Bakers and Mannich, were concealed from the Dexters in spite of inquiry concerning them.
The tendency of the evidence in behalf of defendants was in refutation of that of the Dexters; ergo, it presented a question for the jury.
The parties, on this appeal have filed extensive and exhaustive briefs and have also delivered strong oral arguments in support of their respective positions. Many questions have been raised, briefed, and argued; however, in view of our disposition of the controlling issue we pretermit discussion of these other numerous points. Suffice it to say that this case, under the evidence, and proper instructions from the trial court, is one for the jury as to liability as well as damages, both compensatory and punitive. See Boulevard Chrysler-Plymouth, Inc. v. Richardson, 374 So.2d 857 (Ala. 1979); Loch Ridge Construction Co. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973).
Because the evidence is in conflict regarding liability of defendants to plaintiffs and the measure and extent of damages, if any, the judgment below must be reversed and the action remanded for retrial.
REVERSED AND REMANDED.
TORBERT, C. J., and FAULKNER, JONES and ALMON, JJ., concur.