PER CURIAM.
This is a workmen’s compensation case.
After a contested trial, the circuit court rendered a judgment on September 1, 1981, which, among other findings, ascertained that Mr. Sparks, the employee, had suffered a forty-five percent permanent partial disability to his body as a whole, that his earning capacity had been impaired permanently by the same percentage and that, in addition to payments which had been previously paid by the employer, the employee should further recover from the employer the sum of $96 per week for 260 weeks.
The parties entered into the following agreement which was dated on September 28, 1981:
The parties hereby stipulate and agree (a) that defendant has paid into the office of the Clerk of this Court the costs of this action and the sum of $2,016.00 as compensation for 21 weeks of the plaintiff’s permanent partial disability, (b) that defendant may fully and finally satisfy its remaining obligations under the Judgment herein of September 1, 1981, for compensation payable to plaintiff for his permanent partial disability for the remaining 249 of the 260 weeks specified in said judgment, by paying into the office of the Clerk of this Court the lump sum of $15,000.00, and (c) that said judgment *810 of September 1, 1981, should be so modified and amended.
By its judgment of September 29, 1981, the trial court ascertained that it was to the best interest of the employee to settle his claim pursuant to the agreement. Therein, the trial court modified and amended the September 1 judgment by approving the agreement, and, accordingly, it rendered a judgment for the employee and against the employer for $15,000 in one lump sum as full and final payment for compensation for the remaining 249 weeks of his permanent partial disability. The court provided that, upon the payment of the $15,000 by the employer, it would be released and forever discharged from any and all further liability as to the matter in controversy except as to medical expenses.
The $15,000 was paid by the employer.
The employee filed a Rule 60(b) motion on December 29, 1981, which sought to recover $5,766 as additional compensation. He contended, in substance, that the computation of a lump sum payment under § 25-5-83 of the Code (1975) should amount to a sum equal to the present value of all further installments of compensation calculated on a six percent basis, while he assumed that twenty-one percent was here utilized. That motion was denied by the trial court, hence this appeal by the employee whose sole contention is that an error was made in calculating the lump sum settlement.
The employee would be correct if the sole agreement of the parties was only to provide for a lump sum in lieu of the periodic payments as ordered by the September 1 judgment. However, here the agreement involved other rights and liabilities of the parties. By the agreement and judgment, the parties were compromising a liability imposed upon the employer by the original judgment. They settled by agreeing that a lesser amount was due. The September 1 judgment was still within the breast of the trial court. The parties did not agree merely to commute the original weekly payments as provided by the September 1 judgment into one lump sum payment, but they agreed to modify the court’s judgment so as to reduce the total amount of compensation to be paid to the employee by his employer. The parties agreed to a lesser amount than was originally adjudged, and the trial court approved it as a lump sum. Thereby, in legal effect, the employee gave up some of his compensation, and the employer surrendered its right to seek a new trial and to appeal from an adverse ruling thereon. The consent judgment of the parties was substituted for the September 1 judgment of the court.
Rather than § 25-5-83, we deem § 25-5-56 to be the controlling code section as to the question here raised. It provides that parties have the right to settle all matters of compensation between themselves and that, if the settlement is for an amount which is less than the amount of benefits set by law, before the settlement is valid, a circuit judge shall approve such settlement provided that the court first determines that it is in the best interest of the employee to accept the lesser sum. That procedure was implicitly followed, and that determination was expressly made, in this case.
 The original judgment was modified within thirty days of its entry. After the expiration of the thirty-day time period allowed by Rule 59(b, d or e), A.R.C.P., a trial court has no authority to correct, modify or amend its judgment, except as to clerical errors. Hallmark v. Hallmark, 381 So.2d 641 (Ala.Civ.App.1980). Conversely, the circuit court has authority to modify or vacate its workmen’s compensation judgment for thirty days after its original entry whenever, in that court’s discretion, the ends of justice require such action, which discretionary power is not reviewable on appeal except for an abuse thereof. Ex parte Ingalls Shipbuilding Corp., 32 Ala.App. 609, 28 So.2d 808 (1947).
The same circuit judge tried the initial case, rendered the initial judgment, approved the settlement and modified the original judgment within the thirty-day limitation, and, at a later date, overruled the employer’s motion for additional com *811 pensation. The trial court did not abuse its discretion in approving the settlement and in modifying its original judgment.
We must affirm since the agreement of the parties was not a mere commutation of periodic payments into a current lump sum and since it was, instead, a lump sum settlement of liability which was made and approved by the trial court within thirty days of the entry of the original judgment.
AFFIRMED.
All the Judges concur.