These are consolidated appeals, one from an order granting summary judgment and one from an order denying a motion to rescind, revise, or clarify and denying a motion for relief from judgment.
In October 1976, Wilmer E. and Louise Baker sold a residence to Mr. and Mrs. William P. Dexter. In March 1977, the Dexters brought suit against the Bakers and Mannich Realtors, the listing agent, alleging fraud, requesting a rescission of the contract of sale, and seeking punitive damages. The Bakers retained attorney E.E. Ball to represent them in defense of the Dexters' suit. The case was tried, and a directed verdict was entered in favor of the Bakers and Mannich. The Dexters appealed, and this Court reversed and remanded for a new trial.Dexter v. Baker, 382 So.2d 552 (Ala. 1980). Before a second trial could be held, in July 1980, the Dexters and Bakers reached a settlement agreement.
Thereafter, the Bakers retained the services of a second attorney and, on November 26, 1980, brought suit, alleging that Mannich had negligently failed to ensure restoration of their Veterans Administration loan eligibility and to ensure their release from mortgage liability. In February 1982, this suit was settled, the Bakers receiving $10,036.50 in return for their execution of a release and indemnity agreement. That agreement provided as follows:
 "RELEASE AND INDEMNITY AGREEMENT
 "KNOW ALL MEN BY THESE PRESENTS, that the undersigned, Wilmer E. Baker and Mary L. Baker, being over the age of twenty-one (21) years and residents of the County of Baldwin, State of Alabama, for and in consideration of TEN THOUSAND THIRTY-SIX AND 50/100 ($10,036.50) DOLLARS cash in hand paid to them, on this day by, or on account of Arthur Mannich, individually and d/b/a Mannich's Realtors, and Affiliated FM Insurance Company, his insurance carrier, and for other good and valuable considerations, the receipt whereof in full is hereby acknowledged, there being no promises of further benefit or payment to be received, have for themselves, and their respective heirs, executors, administrators and assigns, released and discharged, and by these presents do hereby completely release, remise, acquit and discharge forever said Arthur Mannich, individually and d/b/a Mannich Realtors, Affiliated FM Insurance Company, his insurance carrier, and Lorena Gregorious, they and each of their directors, officers, agents, servants, employees, successors and assigns, jointly and severally, of and from any and all judgments, claims, demands, actions, cause of action, suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, either direct or consequential, at law or in equity, which the undersigned, Wilmer E. Baker and Mary L. Baker, may have now, may have had at any time heretofore or may have at any time hereafter arising from, resulting from or in any manner incidental to any matter, thing or *Page 1034 
event whatever occurring or failing to occur, at any time in the past up to and including the date hereof, and, more particularly, but without limiting any of the foregoing, the undersigned, Wilmer E. Baker and Mary L. Baker, for themselves and their respective heirs, executors, administrators and assigns, for and in consideration of the payment of said sum, as aforesaid, and for other good and valuable considerations, the receipt of which in full is hereby acknowledged, do hereby forever release, remise, acquit, discharge and covenant to indemnify and hold harmless said Arthur Mannich, individually and d/b/a Mannich's Realtors, Affiliated FM Insurance Company, his insurance carrier, and Lorena Gregorious and each of their directors, officers, agents, servants, employees, successors and assigns, and any and all other persons, firms, corporations and parties whatever, jointly and severally, of and from any and all judgments, claims, demands, actions, causes of action, suits, costs, damages, expenses, compensation and liabilities of every kind, character and description, either direct or consequential, at law or in equity, which the undersigned, Wilmer E. Baker and Mary L. Baker, or any person or party claiming in any manner to any of their respective rights or interests may have now, may have had at any time heretofore or may have at any time hereafter on account of or in any manner growing out of or arising from that certain sale of real property and improvements on Mosely Road, Fairhope, Alabama, by Wilmer E. Baker and Mary L. Baker to William P. Dexter and Betty S. Dexter, occurring on or about the 30th day of October, 1976, including, without limitation, all claims for failure of Wilmer E. Baker and Mary L. Baker to be released from mortgage liability; for failure of Wilmer E. Baker to have his veterans loan eligibility reinstated; and relating to and/or resulting from the litigation between Wilmer E. Baker and Mary L. Baker, on one hand, and William P. Dexter and Betty S. Dexter, on the other hand, of whatsoever type.
 The undersigned understand and agree that none of the parties hereby released nor any other party admits or has admitted liability to them, on account of any payment herein recited to have been made or otherwise; and that the sum hereinabove recited to have been paid and received is in full settlement and satisfaction of any and all claims and/or judgments that are or may be or might have been embraced by Wilmer E. Baker in that certain action now pending in the Circuit Court of Baldwin County, Alabama, entitled: Wilmer E. Baker, Plaintiff v. Arthur C. Mannich, d/b/a Mannich Realtors, Defendant, being Civil Action No. CV-80-467 on the docket of said Court." (Emphasis added.)
By stipulation of the parties, the suit was dismissed with prejudice on February 3, 1982.
On November 2, 1982, the Bakers filed a pro se complaint against Ball, alleging essentially the same things they had alleged against Mannich. Ball moved for dismissal pursuant to Rule 12 (b)(6), Ala.R.Civ.P. His motion was granted and, after a hearing, the Bakers' motion to reconsider was denied. The Bakers appealed, pro se, to this Court, which reversed and remanded, Baker v. Ball, 446 So.2d 39 (Ala. 1984), holding that the trial court had applied the wrong statute of limitations in dismissing the Bakers' suit. On remand, Ball moved for summary judgment, asserting the Bakers' release agreement with Mannich as a defense. The motion was granted, on July 20, 1984, and the Bakers again appealed to this Court, pro se.
On October 14, 1984, the Bakers filed two pro se motions in their action against Mannich, one asking the court to "rescind, revise or clarify" the release they executed, so that it would not apply to Ball, and another requesting relief from the dismissal entered pursuant to the settlement agreement. This second motion was entitled "Motion to get Relief from Judgment under Alabama Rule 60-B-2 [sic]." Both *Page 1035 
motions were denied, and the Bakers filed another pro se appeal with this Court, along with a motion, which this Court granted, to consolidate both of their appeals.
The issues now before us are: (1) whether the trial court erred in denying the Bakers' motion to rescind, revise, or clarify and motion for relief from judgment; and (2) whether the trial court erred by granting summary judgment in favor of Ball. We find no error and affirm.
Because the Bakers' motion to "rescind, revise or clarify" is not specifically recognized in Alabama, their motion must be treated as being a motion to alter, amend, or vacate a judgment pursuant to Rule 59 (e), Ala.R.Civ.P. Such motions must be filed no later than 30 days after the entry of the judgment challenged; if they are not filed within that time, the trial court cannot correct, modify, or amend its judgment pursuant to such a motion. Sparks v. Delta Masonry Contractors,411 So.2d 808 (Ala.Civ.App. 1982). Therefore, the Bakers' motion, coming more than two and one-half years after the dismissal of their suit against Mannich, was properly denied.
Similarly, the Bakers' motion for relief from judgment was also time-barred, having been filed more than four months after the court's order dismissing their suit. Rule 60 (b)(2), Ala.R.Civ.P. The Bakers' argument here that they intended this motion to be a Rule 60 (b)(6) motion (which need only be filed within a reasonable time after the judgment, not exceeding three years) is rejected. The motion itself, which clearly states that it seeks relief "under Alabama Rule 60-B-2" and sets forth as grounds for relief that "plaintiffs have additional evidence," shows the Bakers' intent to file a 60 (b)(2) motion rather than a 60 (b)(6) motion. Even if we treated the Bakers' motion as a 60 (b)(6) motion, we still could not reverse the trial court's denial of it unless presented with evidence that the court abused its discretion in denying it. Young v. Reddock, 437 So.2d 1247 (Ala. 1983). No such evidence is present in this case.
As to the propriety of the trial court's order granting summary judgment in favor of Ball, Alabama law is clear that by executing a general release, like the one signed by the Bakers, a party releases all tortfeasors against whom a cause of action is not specifically reserved, regardless of whether those tortfeasors are parties to the release or are expressly mentioned therein. Johnston v. Bridges, 288 Ala. 156,258 So.2d 866, cert. denied, 409 U.S. 847, 93 S.Ct. 52, 34 L.Ed.2d 88
(1972). As this Court has previously stated:
 "[I]n the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach it or vary its terms."
Miles v. Barrett, 233 Ala. 293, 134 So. 661 (1931).
There is no doubt that the release of Ball was supported by $10,036.50 as consideration, regardless of the fact that Mannich, not Ball, actually paid it.
 "[C]onsideration for a release moving from a third person on behalf of the releasee to the releasor * * * is as adequate as a consideration moving directly from the releasee to the releasor."
Bridges, supra, 288 Ala. at 162, 258 So.2d at 872. Although the Bakers raise the issue of fraud, the record before us is completely devoid of any evidence that the release in question was actually procured by fraud. There is also no basis for an argument that the release was ambiguous. In both Conley v.Harry J. Whelchel Co., 410 So.2d 14 (Ala. 1982), and Finley v.Liberty Mutual Insurance Co., 456 So.2d 1065 (Ala. 1984), this Court has recently held language strikingly similar to that of the present release to be unambiguous.
Consequently, we cannot say that the trial court erred in construing the *Page 1036 
present release based purely upon the language of the instrument itself. That language releases:
 "[A]ll claims for failure of Wilmer E. Baker and Mary L. Baker to be released from mortgage liability; for failure of Wilmer E. Baker to have his veterans loan eligibility reinstated; and relating to and/or resulting from the litigation between Wilmer E. Baker and Mary L. Baker, on one hand, and William P. Dexter and Betty S. Dexter, on the other hand, of whatsoever type."
Because the above language is so broad as to include "all claims" and, at the same time, so specific as to apply, with particularity, to claims arising out of the failure of the Bakers to be released from their mortgage liability and to have their V.A. eligibility reinstated, we agree with the trial court that Ball comes within the purview of that language. Therefore, we hold that Ball is released from all liability arising out of his representation of the Bakers in the matter in question and that the trial court was correct in granting summary judgment in favor of Ball.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.