514 So.2d 858 (1987)
Henry C. HUGHES, Jr., Individually and as Executor of the Estate of Henry C. Hughes, Sr., and Myrtle D. Hughes, deceased
v.
Myron K. ALLENSTEIN.
85-849.
Supreme Court of Alabama.
August 7, 1987.
Rehearing Denied September 25, 1987.
*859 Leon Garmon, Gadsden, for appellant.
Roy S. Moore, Gadsden, for appellee.

ON APPLICATION FOR REHEARING
PER CURIAM.
The original opinion filed in this cause is hereby withdrawn and the following opinion is substituted in lieu thereof.
This is a legal malpractice case, and it comes to this Court on appeal from a summary judgment granted in favor of the defendant attorney, Myron Allenstein, who had been retained by the plaintiff, Henry Hughes, Jr., to file a wrongful death action.[1]
Plaintiff's parents, Henry Hughes, Sr., and Myrtle Hughes, were killed in an automobile accident; the evidence, if believed, showed that the negligent operation of a tractor-trailer truck, owned by Southern Haulers, Inc., and driven by George Porter, Jr., was the cause of the deaths. Hughes retained Myron Allenstein to represent him. Allenstein filed a wrongful death action against Southern Haulers, without joining Porter as a defendant. After negotiations, Southern Haulers made a pretrial settlement offer of $150,000, but, upon advice of counsel, Hughes refused this offer of settlement. The case was tried before a jury, and the jury returned a verdict in favor of Hughes for only $10,000, and judgment was entered upon the jury's verdict. Hughes appealed that judgment to the Alabama Court of Civil Appeals, claiming, inter alia, that the trial jury awarded insufficient damages; the Court of Civil Appeals affirmed the trial court's judgment on all grounds. Hughes v. Southern Haulers, Inc., 379 So.2d 601 (Ala.Civ.App.1979).
After suffering what he considered an adverse jury verdict in his first wrongful death suit, Hughes, again acting through attorney Allenstein, filed a second wrongful death action, this time against Porter, the truck driver. Attorney Ludger Martin was also an attorney for Hughes in this case, Martin entering his appearance in the case after it had been filed by Allenstein. Porter, in a motion for summary judgment, claimed that the suit was barred because he could have been joined as a party in the first suit against Southern Haulers. His motion was denied by the trial court. In the second case, however, Hughes accepted, upon advice of Allenstein and Martin, a pretrial settlement offer of $25,000.
Following the settlement of his action against Porter, and after executing a release, Hughes hired new counsel and brought a malpractice action against Allenstein in federal district court, and, in that action, claimed damages against Allenstein for Allenstein's alleged negligence in the pretrial preparation for, and in the trial of, the Southern Haulers case. The malpractice case was tried in federal court, and a jury returned a verdict in Allenstein's favor; that judgment has subsequently been affirmed on appeal. Hughes v. Allenstein, 802 F.2d 1397 (11th Cir.1986). Within a month after the jury verdict in favor of Allenstein was returned in the Southern Haulers malpractice suit in federal district court, Hughes brought this malpractice action against Allenstein in state court, but, in this action, he claimed that Allenstein and his partner, Martin, had breached their fiduciary duties, had negligently rendered legal advice, and were negligent in the settlement of the Hughes v. Porter lawsuit for only $25,000.
Allenstein moved for dismissal or, in the alternative, for a summary judgment. He raised as grounds: (1) failure to state a cause of action, (2) collateral or equitable estoppel, (3) release, (4) election of remedies, (5) statute of limitations or laches, (6) judgmental immunity, and (7) res judicata. Hughes appeals from the trial court's grant of Allenstein's motion. Ludger Martin's summary judgment motion is still *860 pending in the trial court, or so it would appear from our examination of this record.
While the trial court did not specify the ground upon which it based its summary judgment in favor of Allenstein, the law in Alabama is clear that this Court is bound to sustain a trial court's judgment if there is a valid basis for it. Cole v. Racetrac Petroleum, Inc., 466 So.2d 93 (Ala.1985); Kite v. Kite, 444 So.2d 863 (Ala.Civ.App. 1983).
Allenstein argues here that the trial court's judgment can be sustained on either of several legal principles. He says: (1) that Hughes could not split his cause of action, that is, sue for malpractice in federal court and not join all his claims in that action; (2) that Hughes's present action was barred by the doctrines of res judicata or collateral or equitable estoppel; (3) that Hughes's action was barred because Hughes executed a release to settle the second lawsuit and the terms of the release are broad enough to include this negligence action against him.
Having examined the pleadings in this case, we are of the opinion that Hughes's present action was barred by the doctrine of res judicata, and we affirm the judgment of the trial court.
The essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978). If these essential elements are met, any issue that was or could have been adjudicated in the prior action is barred from further litigation. Trimble v. Bramco Products, Inc., 351 So.2d 1357 (Ala. 1977). Here, Hughes's lawsuit against Allenstein in federal court was decided by a jury on the merits. At the time Hughes filed his lawsuit against Allenstein in federal court, he had executed a release in settlement of the lawsuit against Porter.
Even though we recognize that the malpractice alleged in the federal lawsuit involved only Hughes's claim against Southern Haulers and that the basis of the malpractice claim here is Allenstein's alleged negligence in handling the second claim filed against Porter, we believe that the principles of res judicata apply, because of the following reasons: (1) Both lawsuits, the one against Southern Haulers and the one against Porter, arose out of a single incident, the fatal automobile accident; (2) Both malpractice actions, the one filed in federal court and the one filed here, claim that Allenstein was negligent, but the alleged negligence arises out of one attorney-client relationship and involves one cause of action for wrongful death, even though the alleged tort-feasors were sued separately and not jointly and severally.
Looking at the dealings between Hughes and Allenstein in its entirety, we are of the opinion that any alleged malpractice by Allenstein in handling the second lawsuit was so intertwined with the alleged mishandling of the first lawsuit, that Hughes could, and should have, joined this claim with the one he filed in federal district court. In other words, we hold that, in this case, the principle of res judicata applies.
Having concluded that the instant action is barred by the doctrine of res judicata, we find it unnecessary to address Allenstein's other arguments, including the argument that the release signed in settlement of the Hughes v. Porter suit acts as a release of him as an attorney as well.
The judgment of the trial court is due to be, and it hereby is, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX, J., concurs specially.
MADDOX, Justice (concurring specially).
While I agree that the plaintiff's claim was barred by the principle of res judicata, *861 I also believe that the judgment could be affirmed on the ground that the language of the release signed by Hughes in consideration for the dismissal of the Hughes v. Porter lawsuit is broad enough to include the subject matter of this particular malpractice claim. The settlement between Hughes and Porter and Southern Haulers reads:
"[D]o for myself/ourselves, my/our heirs, executors, administrators and assigns, release, acquit and forever discharge Southern Haulers, Inc., George W. Porter, Jr., and any and all other persons, firms and corporations ... from any and all actions, cause of action, claims or demands for damages, costs, loss of use, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence or accident that happened on or about the 15th day of April, 1978, at or near U.S. Highway # 11, near the City of Attalla, in Etowah County, Alabama. ..." (Emphasis added.)
The issue of whether a third party is released by a release of "all persons ... for all claims" has received extensive treatment in the law of Alabama. In the case of Williams v. Woodman, 424 So.2d 611 (Ala.1982), the Court held that a treating physician was released by the release of the tort-feasor:
"`The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor.' Restatement of Judgments § 95 (1942). See also Restatement (Second) of Torts § 886 (1979).
"* * * *
"Where a judgment against a defendant liable for the entire harm is satisfied, that extinguishes the obligation of another wrongdoer, and `the fact that the plaintiff recovered only part of the damages to which he was entitled is immaterial.' 2 Freeman on Judgments § 578, p. 1225.
"Do these rules bar an action for negligence on the part of the physician under the facts in this case? That is to say, is satisfaction of the judgment in the first case a bar to this action against the physician treating the injury?
"Dr. Woodman asserts that, under these rules, the action against him is barred. He is correct that the rule prevailing in the majority of states is that the release of one tortfeasor (or satisfaction of judgment against one tortfeasor) discharges others who have caused or contributed to the same injury, whether the tortfeasors be joint, concurrent, or successive. See Annotation `Release of One Responsible for Injury as Affecting Liability of Physician or Surgeon for Negligent Treatment of Injury,' 39 A.L.R.3d 260 (1971).
"* * * *
"If the plaintiff in this case had shown that the negligence of the physician had produced a new and independent injury subsequent to the entry of judgment in the federal court, for which the plaintiff could not have claimed damages in that action, it would be difficult to see how that subsequently accruing cause of action could be barred by the prior action. Stated differently, if the plaintiff had shown that no claim for the physician's negligence could have been asserted in that action because it occurred subsequent to the entry of judgment or the plaintiff neither knew nor could have discovered the alleged wrongdoing of the physician prior to taking the judgment (or executing a release) in the prior action, the judgment should not be a bar to a subsequent claim against the physician for an act of negligence occurring after entry of the judgment."
424 So.2d at 613-15.
This reasoning was held to apply to attorneys in Baker v. Ball, 473 So.2d 1031 (Ala.1985), wherein the lower court granted attorney Ball a summary judgment:
"As to the propriety of the trial court's order granting summary judgment in favor *862 of Ball, Alabama law is clear that by executing a general release, like the one signed by the Bakers, a party releases all tortfeasors against whom a cause of action is not specifically reserved, regardless of whether those tortfeasors are parties to the release or are expressly mentioned therein. Johnston v. Bridges, 288 Ala. 156, 258 So.2d 866, cert. denied, 409 U.S. 847, 93 S.Ct. 52, 34 L.Ed.2d 88 (1972). As this Court has previously stated:
"`[I]n the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties to be judged by the court from what appears within the four corners of the instrument itself, and parol evidence is not admissible to impeach it or vary its terms.'"
Miles v. Barrett, 233 Ala. 293, 134 So. 661 (1931).
"There is no doubt that the release of Ball was supported by $10,036.50 as consideration, regardless of the fact that Mannich, not Ball, actually paid it.
"`[C]onsideration for a release moving from a third person on behalf of the releasee to the releasor ... is as adequate as a consideration moving directly from the releasee to the releasor.'
"* * * *
"... Therefore, we hold that Ball is released from all liability arising out of his representation of the Bakers in the matter in question and that the trial court was correct in granting summary judgment in favor of Ball."
473 So.2d at 1035-36.
In Baker v. Ball, the purchasers of a home had brought suit against the sellers and the realtors for fraud; they also sought rescission of the contract. A directed verdict was entered in favor of the defendants, but that judgment was reversed by this Court and the case was remanded for a new trial. Before commencement of the new trial, a settlement agreement was reached. Shortly thereafter, the defendant sellers (Bakers) brought suit alleging that the realtor had negligently failed to ensure restoration of their Veterans' Administration loan eligibility, and had failed to ensure their release from mortgage liability. That suit was settled as well, but the Bakers then sued Ball, the attorney who had defended them in the original action by the purchasers. The Bakers alleged essentially the same claims in their complaint against Ball as they had alleged in their complaint against the realty company. On appeal from a summary judgment, this Court ruled that, under the language of the release executed between the Bakers and the realtor, Ball had also been released from all liability. In that case, the pertinent language of the release was as follows:

"[A]ll claims for failure of Wilmer E. Baker and Mary L. Baker to be released from mortgage liability; for failure of Wilmer E. Baker to have his veterans loan eligibility reinstated; and relating to and/or resulting from the litigation between Wilmer E. Baker and Mary L. Baker, on one hand, and William P. Dexter and Betty S. Dexter, on the other hand, of whatsoever type." 473 So.2d at 1034 and 1036. (Emphasis added.)
On that basis, this Court stated:
"Because the above language is so broad as to include `all claims' and, at the same time, so specific as to apply, with particularity, to claims arising out of the failure of the Bakers to be released from their mortgage liability and to have their V.A. eligibility reinstated, we agree with the trial court that Ball comes within the purview of that language. Therefore, we hold that Ball is released from all liability arising out of his representation of the Bakers in the matter in question and that the trial court was correct in granting summary judgment in favor of Ball."
Ball, 473 So.2d at 1036.
Of course, I do not suggest that the law in Alabama would authorize the execution of a release or the taking of a judgment to bar all claims against an attorney. If the claim for the attorney's negligence pertained to conduct that occurred after the release was executed or after the judgment *863 was taken, then, in that event, the plaintiff could state a claim against the attorney upon which he might get some relief. Also, if the judgment or the execution of the release was procured by fraud, or if the attorney was guilty of misrepresenting facts, upon which the client relied to his detriment in executing the release or in taking the judgment, then the client might be able to prove a claim against his attorney. Of course, if there is a reservation in the release of the right to pursue further claims, then a plaintiff may also state a cause of action.
NOTES
[1] The case was filed against Allenstein and his partner, Ludger Martin, but this appeal involves only the March 24, 1986, summary judgment in favor of Allenstein, made final pursuant to Rule 54(b), Ala.R.Civ.P.