JONES, Justice.
This appeal presents the narrow issue whether the trial court erred in granting the appellee’s motion for summary judg *962 ment, implicitly holding that the release executed by the appellants in favor of a third party was a general rather than a specific release, thus releasing the appel-lee, who was not named in the release.[1] We hold that the trial court did err in so holding, and we reverse the judgment.
We quote the release in full:
“For and in consideration of the sum of ONE THOUSAND TWENTY AND 08/100 ($1,020.08) DOLLARS, the receipt and sufficiency whereof [are] hereby acknowledged, the undersigned hereby releases and forever discharges LARI-BEL FARMS, INC., a corporation, its successors and assigns, as well as LARRY NASH and BELLE NASH, their heirs and assigns, none of whom admit any liability to the undersigned, but all expressly deny any liability from any and all claims, demands, damages, actions, causes of actions, or suits of any kind or nature whatsoever, and particularly on account of the purchase by the undersigned of property identified as Lot 1, and more particularly described as follows: [herein the subject property was particularly described], from LARI-BEL FARMS, INC., a corporation, by Vendor’s Lien Deed dated the 11th day of November, 1985, and recorded in Real Property Book 2870, page 126 of the Probate Court records of Mobile County, Alabama. For the same consideration hereinabove referred to, the undersigned do hereby agree to execute a warranty deed conveying the hereinabove described property to LARI-BEL FARMS, INC.
“The undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the foregoing.
“IN WITNESS WHEREOF, we have hereunto set our hands and seals on this the 28th day of March, 1986.
“/s/ Joseph L. Wittner (SEAL) “JOSEPH L. WITTNER
“/s/ Claudia Wittner (SEAL) “CLAUDIA WITTNER”
We hold, contrary to the holding of the trial court, that the release is not a general release, and that it does not entitle the appellee to summary judgment, thus, the judgment dismissing the appellants' claim is reversed and the cause is remanded.
In support of the trial court’s conclusion that it was a general release, the appellee advances two arguments: 1) that the release by its terms is a general release; and 2) that, because of the relationship of principal and agent between the party named in the release (the principal) and the appellee (the agent), the release operates, as a matter of law, to release the agent.
The appellee concedes, as he must, of course, that the document executed by the appellants did not specify the appellee and did not contain the words “and any and all other persons” or words of like effect. Rather, citing Baker v. Ball, 473 So.2d 1031 (Ala.1985), he contends that the words “for the purpose of making full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the foregoing” are sufficient to make the document a general release. The holding that the release in question in Baker was a general release, thus releasing an unnamed party, was based on language that followed the release of the specifically named parties: “and any and all other persons, firms, corporations and parties whatever, jointly and severally, of and from any and all judgments, claims, demands, actions, causes of action, suits, costs, damages, expenses, compensation and liabilities of every kind.” (Emphasis supplied.) Baker, 473 So.2d at 1034. Indeed, impliedly, Baker is authority for holding that the release here in issue, which does not contain the “any and all other persons” language, is not a general release that by its terms includes this ap-pellee.
*963 We also reject the appellee s principal/agent argument. The only case cited by either party or discovered by our independent research that is factually similar to this case is Wright v. McCord, 205 Ala. 122, 88 So. 150 (1920). As the appellee correctly points out, the language of the release in Wright is dis similar to the language of the release in the instant case, in that the release in Wright expressly reserved the plaintiffs right to sue the agent, whereas no such reservation appears in the instant release. However, this Court has expressly addressed this very issue, holding that, when the language of the document is not in terms a general release, “such a reservation is not essential.” American Pioneer Life Insurance Co. v. Sandlin, 470 So.2d 657, 661 (Ala.1985), quoting from Steenhuis v. Holland, 217 Ala. 105, 115 So. 2 (1927). See, also, Grimes v. Liberty National Life Insurance Co., 514 So.2d 965 (Ala.1987).
Moreover, the equitable remedy of reformation, whereby the releasing party seeks to have the release reworded so that he can pursue a claim against a person not named in the release, is applicable only to a release that appears on its face to be a general release. Here, because the release does not purport to be a general release, but is, by its own terms, a specific release, the “reformation” doctrine is not invoked. Thus, the appellee has no valid argument arising from the fact that the appellants did not seek reformation of the document. See Alabama Farm Bureau Insurance Co. v. Hunt, 519 So.2d 480 (Ala.1987).
Construing the language of the release here in question in light of the “intention of the parties” mandate of Ala.Code, § 12-21-109, we hold that the appellee is not protected by the release.
REVERSED AND REMANDED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.

. We note that the original pleadings named Hugh D. Kemp, Jr., and Hugh D. Kemp, Jr., Real Estate as parties defendant, and that the trial court treated them as two separate defendants. Our review of the record, however, reveals that Hugh D. Kemp, Jr., Real Estate is a sole proprietorship: thus, Hugh D. Kemp, Jr., is the only appellee in this cause.