**Fritzthadeus MACK, Plaintiff,**

v.

**ALABAMA DEPARTMENT OF YOUTH SERVICES, et al., Defendants.**

**No. CIV.A. 99–A–607–N.**

United States District Court, M.D. Alabama, Northern Division.

July 28, 2000.

Derrick K. Collins, Birmingham, AL, for Fritzthadus Mack, plaintiff.

William J. Samford, II, Alabama Department of Youth Services, Mt. Meigs, AL, Margaret L. Fleming, William H. Pryor, Jr., Attorney General, William P. Clifford, III, Office of the Attorney General, Alice Ann Byrne, Office of the Attorney General, Assistant Attorney General, Montgomery, AL, for Alabama Department of Youth Services, Walter Wood, Bill Pryor, defendants.

*MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

## I. *INTRODUCTION*

This cause is before the court on a Motion to Dismiss (Doc. # 33) filed by the Alabama Department of Youth Services [1] on May 31, 2000, which this court has treated as a Motion for Summary Judgment.

The Plaintiff, Fritzthadeus Mack originally filed a pro se Complaint in this case on June 14, 1999. On September 13, 1999, the Alabama Department of Youth Services ("the Department") moved to dismiss the Complaint. An Amended Complaint was filed on May 11, 2000, by an attorney now representing the Plaintiff. The Department subsequently filed a Motion to Dismiss the Amended Complaint. In arguing the merits of the Motion to Dismiss, both the Department and the Plaintiff, Fritzthadeus Mack ("Mack"), relied on evidence outside of the pleadings. Consequently, this court ordered that the Motion would be treated as a Motion for Summary Judgment and gave the parties additional time to file evidence and briefs.

## II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving par-

1. The Plaintiff initially filed a pro se Complaint in this case naming only the Alabama Department of Youth Services as a defendant. In a subsequent amendment filed by an attorney representing the Plaintiff, the Plaintiff named Walter Wood, Director of the Alabama Department of Youth Services, and Bill Pryor, Attorney General of the State of Alabama, as defendants. The Plaintiff has, however, made it clear in his opposition to the Department's motion that the individuals were only named as the responsible state officers for the Department pursuant to *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

*See* Plaintiff's Memorandum, unnumbered page 2. Although the Plaintiff also refers to the State of Alabama in his Memorandum, in his allegations in the Amended Complaint, he alleges only that Bill Pryor in his official capacity has the "ultimate authority over the policies of the Defendant, Alabama Department of Youth Services." Amended Complaint at ¶ 5. For the sake of clarity, therefore, the court will refer to the only defendant against whom the Plaintiff has asserted claims in this case, namely, the Alabama Department of Youth Services.

ty is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

## III. *FACTS*

The facts, viewed in a light most favorable to the non-movant, are as follows:

The Plaintiff, Fritzthadeus ' Mack ("Mack"), is an African–American male employed by the Department. Mack states that in February of 1995, he was charged with capital murder by the State of Alabama, and the Department placed him on administrative leave without pay. According to the allegations of Mack's Amended Complaint, the former Director of the Department, James Dupree, promised Mack that if he were acquitted of the capital murder charges, he would be granted full back-pay, benefits, and restoration of his employment status. Mack was acquitted in January of 1997. On or about January 20, 1997, Mack was reinstated as an entry-level employee and placed on a 90–day probationary period. Mack alleges that he was stripped of all benefits and promotional status upon his return to employment.

In February of 1997, Mack filed a Petition for Declaratory Judgment in the Circuit Court for Montgomery County, Alabama, naming the Alabama Department of Youth Services and its Director as defendants. Mack requested that the state court declare that he should be returned to his former position as a non-probationary employee, that any benefits to which he would have been entitled be restored, that his pay be reinstated, that the court find that the defendants acted in bad faith and/or without just cause, and that there be a permanent injunction. Mack also filed a Motion to Amend the Petition in order to amend the Petition to state a claim for denial of equal protection pursuant to 42 U.S.C. § 1983.

The state court considered together the Motion for Leave to Amend the Petition, the Petition for Declaratory Relief, and the Motion to Dismiss which had been filed by the defendants. The court denied the Petition, denied the Motion for Leave to Amend, and granted the Motion to Dismiss

in a two-paragraph order which provided as follows:

> These causes pending before the Court on Petition for Declaratory Judgment and Motion For Leave to Amend Petition for Declaratory Judgment filed by the petitioner, and Motion to Dismiss filed by the respondents, the same having been considered,
>
> IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said Petition for Declaratory Judgment and Motion For Leave to Amend Petition For Declaratory Judgment filed by the petitioner, denied. Motion to Dismiss filed by the respondent is hereby granted.

Plaintiff's Exhibit 2.

Mack subsequently filed his Complaint and Amended Complaint in this court, attempting to state claims under Title VII, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The Department argues that Mack's claims are barred by res judicata.

## IV. *DISCUSSION*

■ The Department has argued that all of the claims Mack seeks to bring in this court were, or could have been, litigated in the Circuit Court for Montgomery County, Alabama and are, therefore, barred under the doctrine of res judicata. Res judicata, or claim preclusion, involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate a different claim not previously litigated, but which arises out of the same evidence. *Whisman v. Alabama Power Co.,* 512 So.2d 78 (Ala.1987).

Mack argues that this court cannot give res judicata effect to the prior case because it was a declaratory judgment action and there were no reasons given for the court's action. In support of this argument, Mack cites the court to *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530 (5th Cir.1978).[2] In *Kaspar,* the former Fifth Circuit Court of Appeals reasoned that ordinary principles of res judicata cannot be applied automatically to prior declaratory judgment actions, and that preclusive effect should only be given to the relitigation of an issue actually litigated and necessary to the judgment entered. *Id.* at 537.

In response, the Department argues that this court should not apply *Kaspar* because the court must determine the preclusive effect of a prior Alabama judgment, and so should apply Alabama state law res judicata principles.

■ Under 28 U.S.C. § 1738, the judicial proceedings of a state court "shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such state...." Therefore, when issues of res judicata occur because of a prior state court judgment, this court must give a prior state court judgment the same preclusive effect it would be afforded in state court. *See Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985). In this case, there is a prior judgment of an Alabama circuit court. Accordingly, the court will apply Alabama res judicata principles to determine whether a "declaratory judgment exception" to res judicata exists under Alabama law. *See also Mandarino v. Pollard,* 718 F.2d 845 (7th Cir.1983)(court looked to state law in deciding whether the "declaratory judgment exception" to res judicata should apply).

■ Neither of the parties has cited this court to any Alabama authority which addresses whether res judicata is applied more restrictively under Alabama law within the context of the dismissal of a declaratory judgment action than otherwise. The court, however, is aware of some Alabama cases in which traditional

2. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

res judicata principles were applied even though the prior action was a dismissal of a declaratory judgment action. *See Robinson v. Holley*, 549 So.2d 1 (Ala.1989)(stating that claims in subsequent action were barred by dismissal of an action for an accounting and for declaratory judgment); *Calhoun v. Pennsylvania Nat. Mut. Cas. Ins. Co.*, 676 So.2d 1332, 1334 (Ala.Civ.App.1996)("The dismissal of Penn National's declaratory judgment action with prejudice constituted a prior judgment on the merits that barred any claim that was adjudicated or that could have been adjudicated in that action..."). Taking guidance from these cases, therefore, this court finds that traditional res judicata principles are to be applied in this case even though the former action was a declaratory judgment action.

██ Under traditional res judicata principles in Alabama, the elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) substantial identity of the parties, and (4) the same cause of action presented in both suits. *Hughes v. Allenstein*, 514 So.2d 858, 860 (Ala.1987). If these elements are all met, any issue that was, or could have been, adjudicated in the prior action is barred from further litigation. *Hughes v. Martin*, 533 So.2d 188 (Ala.1988).

In this case, there has been no argument made that elements one, two, and three have not been satisfied. In the former action, there was a denial of the Petition for Declaratory Judgment and a grant of a Motion to Dismiss by a state court of competent jurisdiction. The state court Petition had been brought by Mack against the Department and the Director of the Department. As has been previously discussed, although two individual defendants are named in this case, Mack has made it clear in his opposition to the Department's motion that he named these individuals only in their capacities as responsible state officers for the Department, and that the Department is the defendant in this case. The only question before the court, therefore, is whether the fourth element is satisfied, that is, whether the same cause of action is presented in both cases.

Mack has contended that because only state law claims were asserted in the state court declaratory judgment action, he should be able to pursue his federal claims in this court. The Department argues in response that Mack is incorrect in his identification of the claims which were asserted in state court in the prior case. The Department submits a copy of an Amended Petition which the Department states was filed in state court. In this document, there is a § 1983 claim for violation of the Fourteenth Amendment to the United States Constitution. The Department argues, therefore, that one of Mack's claims was actually litigated in the state court suit, and that even though Mack has asserted additional federal claims in this case, those claims could have been brought in the state court case, and so all of Mack's claims are barred in this court.

Mack has filed a response stating that the amendment to the Petition upon which the Department relies was submitted along with a Motion to Amend the Petition in state court. Mack points to the state court's final order in his case in which the court denied the right to amend the Petition. Based upon this evidence, and the fact that the Department apparently overlooked that the Motion to Amend the Petition was denied, the court concludes that the state court Petition did not include a federal claim.

██ Even though no federal claims were asserted in the state court case, the case currently pending in this court involves an assertion of several federal claims which arise out of the same facts as the state law claims in the former action. Under the general rule of res judicata in Alabama, a prior adjudication on the merits bars any claim that was adjudicated, or that could have been adjudicated in that

action. *See Whisman v. Alabama Power Co.*, 512 So.2d 78 (Ala.1987); *see also Robinson v. Holley*, 549 So.2d 1 (Ala.1989)(an action for damages was barred by dismissal of a previous action for an accounting and a declaratory judgment in which the plaintiff could have filed an amendment to bring her fraud claim). This is true also of the claims which Mack apparently now seeks to bring under Title VII and 42 U.S.C. § 1981, since he could have included those claims in his state court suit. *See Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990)(state courts have concurrent jurisdiction over Title VII claims); *DeHorney v. Bank of America National Trust and Savings Assoc.*, 879 F.2d 459, 463 (9th Cir.1989)(state courts have concurrent jurisdiction over § 1981 suits); *Watkins v. Bessemer State Technical College*, 782 F.Supp. 581 (N.D.Ala.1992)(same); *cf. Bost v. Metropolitan Dade County*, 1991 WL 333727, No. 90–1408–CIV–MORENO (S.D.Fla. March 11, 1991)(res judicata barred plaintiff's claims in federal court where could have raised the discrimination claims in state court), *aff'd without op.*, 951 F.2d 1264 (11th Cir.1991).

■ As stated above, however, one of the federal claims which Mack seeks to bring in this court, made under § 1983, was also a claim that he sought to bring in an amendment to the Petition in his state court action. This court must determine, therefore, whether there is an exception to general res judicata principles under Alabama law when a plaintiff sought, but was denied the right, to amend the state court complaint to add a federal claim.

The parties have not cited this court to any Alabama precedent discussing this issue. The court is aware of one Alabama case in which res judicata was applied even though the plaintiff had been denied the right to amend a complaint. *See Chandler v. Commercial Union Ins. Co.*, 467 So.2d 244, 251 (Ala.1985). In *Chandler*, a plaintiff was denied the right to amend a complaint at trial to add a bad faith claim. The plaintiff subsequently filed a second case bringing a bad faith and fraud claim. The Alabama Supreme Court stated that the previous action was a bar to the bad faith and fraud claims because those claims could have been raised in the previous action. *Id.* at 250. The court stated that it recognized that the plaintiff had attempted to amend the complaint to state the claim, but the court concluded that because the plaintiff failed to preserve for appeal and to appeal that issue, the judgment in the case still acted as a bar to claims asserted in the second action. *Id.* at 251. This approach to denials of amendments to complaints is also followed by other courts. *See e.g., EFCO v. U.W. Marx. Inc.*, 124 F.3d 394, 399–400 (2nd Cir.1997)(stating that "[w]here a plaintiff's motion to amend its complaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint.")

In this case, pursuant to Federal Rule of Evidence 201, the court takes judicial notice of the records of the Circuit Court for Montgomery County, Alabama, which reflect that no appeal was taken in Mack's state court case. *Cf. Kramer v. Time Warner Inc.*, 937 F.2d 767, 777 (2nd Cir. 1991)(a court may take judicial notice of documents filed in another court). Accordingly, even though Mack sought to bring his federal claim in the state court case, that claim is barred in this court.

The court recognizes, however, that another judge in this district has found that there is a limited circumstance under which a denial of a motion to amend does not act as res judicata in a subsequent suit. In *Hrabe v. Paul Revere Life Ins. Co.*, 76 F.Supp.2d 1297 (M.D.Ala.1999)(DeMent, J.), the plaintiff claimed that her federal lawsuit was not barred because the court in a previous lawsuit had denied a motion to amend her complaint to add federal claims. After analyzing several Fifth Circuit and Eleventh Circuit cases, Judge DeMent determined, stating that his conclusion would be the same under both Alabama and federal law, that res judicata will not apply in the limited cir-

cumstance where "the court itself, rather than the litigant, does the splitting and does it by reason of no default on the part of the litigant, who timely advanced all of his claims in the initial proceeding." *Id.* at 1302. As noted by Judge DeMent, however, the motion to amend must have been timely. *Id.; see also Restatement (Second) of Judgments* § 25 cmt. b (1980)("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late.").

The court need not reach the question of whether a timely motion would provide an exception to the application of res judicata under Alabama law because the Motion to Amend was not timely in this case. The documents provided to this court in Defendants' Exhibit C indicate that the state court initially set a hearing on the Department's Motion to Dismiss[3] for May 15, 1997. The hearing was continued on several occasions, with one continuance being at the request of the new attorney for Mack in August of 1997. A hearing was finally set for September 19, 1997. On September 18, 1997, Mack filed the Motion to Amend the Petition along with his response to the Department's motion. The court's Order denying the Motion to Amend, denying the Petition, and granting the Motion to Dismiss was entered on September 29, 1997. Under the circumstances of this case, that is, that the Motion to Dismiss was pending, that the Motion to Amend was filed the day before the hearing on the Motion to Dismiss, and that the amendment sought to introduce an entirely new theory, Mack's Motion to Amend was not timely filed. *See Nilsen v. City of Moss Point,* 701 F.2d 556 (5th Cir.1983)(motion to amend filed while motion for summary judgment was pending was untimely and therefore did not fit into the exception to res judicata). The court concludes, therefore, that even if Alabama

law were to recognize an exception to the general rule that a denial of a motion to amend does not alter the preclusive effect of a final judgment on the merits, Mack's claims are barred in this court.

## V. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

---

**3.** There were apparently two Motions to Dismiss filed, but the documents provided to the

court indicate that both were stamped received by the state court in March of 1997.