[DO NOT PUBLISH]

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**
_____

**No. 04-10834**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00652-CV-T-E

JOHN SOPHOCLEUS,
THERESA SOPHOCLEUS,

Plaintiffs-Appellants,

versus

STATE OF ALABAMA DEPARTMENT OF TRANSPORTATION,
REESE & HOWELL, INC.,
MARGIE CHAMPION TODD, individually,
PAUL BOWLIN, individually,
JIMMY BUTTS, individually,
DEJARVIS LEONARD,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Middle District of Alabama**
_____

**(December 14, 2005)**

**ON REMAND FROM THE**
**SUPREME COURT OF THE UNITED STATES**

**Before BIRCH, DUBINA and MARCUS, Circuit Judges.**

**PER CURIAM:**

This case is before the Court for further consideration in light of Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. __, 125 S. Ct. 1517,161 L. Ed. 2d 454 (2005). We previously affirmed the district court's entry of summary judgment in favor of the Alabama Department of Transportation ("ALDOT"), several individually named ALDOT employees, and an ALDOT contractor. See Sophocleus v. Alabama, 116 Fed. Appx. 246 (11th Cir. 2004) (Table) ("Sophocleus I"). The Supreme Court vacated our prior opinion and remanded for further consideration in light of Exxon Mobil, in which the Court clarified the scope and applicability of the Rooker-Feldman[1] doctrine.

As we discussed in greater detail in our prior, now-vacated opinion, Appellants sued the ALDOT Defendants, alleging that they had taken Appellants' home for private use from January 1999 through August 1999 without just compensation, in violation of 42 U.S.C. § 1983; 42 U.S.C. § 1985; and state laws of trespass, invasion of privacy, and outrage. The district court concluded it lacked

---

[1] See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S. Ct. 1303, 1314-15, 75 L. Ed. 2d 206 (1983); Rooker v. Fidelity Tr. Co., 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923).

subject matter jurisdiction under the Rooker-Feldman doctrine based on previously resolved state court actions concerning the property.

In the state court proceedings, an Alabama probate court entered an order of condemnation, appointed a commission to determine the amount of "just compensation" for the property, and, after numerous commission appraisals and objections by the Appellants, set a price for the Appellants' land. When Appellants refused to move, a second state court action -- an eviction proceeding -- was initiated and resolved relating to the property. After moving from the property, Appellants settled the first action (the condemnation proceeding) and the probate court entered a final order and decree of condemnation. Notably, after Appellants received the negotiated price for their property, pursuant to the settlement terms, they did not challenge the resolution in a state appellate court in Alabama.

Instead, Appellants filed this action, alleging that their settlement in the condemnation proceeding was unreasonable and unfair and arguing that they were entitled to, but did not receive, relocation expenses. They also contended that they had not received "just compensation" during the state-court proceedings. As we noted in Sophocleus I, "Appellants could have, but did not, raise the instant arguments in the Alabama courts through a challenge to the negotiated settlement in the condemnation case." The district court concluded that Appellants could not

3

challenge the negotiated settlement of the condemnation proceeding in federal court due to the <u>Rooker</u>-<u>Feldman</u> doctrine.

In <u>Exxon Mobil</u>, the Supreme Court observed that the <u>Rooker</u>-<u>Feldman</u> doctrine "recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, <u>see</u> § 1257(a)." 125 S. Ct. at 1526. The Court discussed (and limited) the application of <u>Rooker</u>-<u>Feldman</u> to cases similar to the present action: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Id.</u> at 1521-22. However, the Court also noted that where a plaintiff presents "an independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is <u>jurisdiction</u> and state law determines whether the defendant prevails under principles of <u>preclusion</u>." <u>Id.</u> at 1527 (internal alterations and citation omitted) (emphasis added).

Under the circumstances, it is necessary that the matter receive further consideration in the district court in light of the Supreme Court's decision. Accordingly, the judgment of the district court is vacated and the cause is remanded for consideration in light of the Supreme Court's opinion in <u>Exxon Mobil</u>.

**VACATED AND REMANDED.**