[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2010
JOHN LEY
CLERK

No. 09-11809
Non-Argument Calendar

_____

D. C. Docket No. 00-00652-MHT-WC

JOHN SOPHOCLEUS,
THERESA SOPHOCLEUS,

Plaintiffs-Appellants,

versus

STATE OF ALABAMA DEPARTMENT
OF TRANSPORTATION,
REESE & HOWELL. INC. et al.,

Defendants,

PAUL BOWLIN, individually and
in his official capacity,
JIMMY BUTTS, individually and
in his official capacity,
DEJARVIS LEONARD,
MARGIE CHAMPION TODD HOPPER,
individually and in her official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(April 7, 2010)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs-Appellants John and Theresa Sophocleus appeal the grant of

summary judgment in favor of Defendants-Appellees, employees of the Alabama

Department of Transportation ("ALDOT") and the denial of relief on Plaintiffs'

section 1983 claim. No reversible error has been shown; we affirm.

This litigation has a ten-year history. The underlying facts are set out in two

district court opinions and two opinions of this Court; we will state them only

briefly here. In 1997, ALDOT notified Plaintiffs that their land was needed in

order to widen a highway. In May 1998, the State commenced condemnation

proceedings in the probate court; the probate court entered a condemnation decree

and valued Plaintiffs' property at $85,000. Plaintiffs refused to vacate their

property and appealed the condemnation award to the state trial court for a trial de

novo. In December 1998, in a separate proceeding in state trial court, the State

sought to evict Plaintiffs. In that proceeding, Plaintiffs complained that ALDOT

2

intended to use their house for non-public purposes; no current need for the property existed, and ALDOT had no intention of razing the house. After trial, on 12 January 1999, a writ of eviction issued and possession of the property was granted to the State. Plaintiffs filed no appeal of this decision and vacated their house. Plaintiffs' appeal of the probate court's condemnation order was still pending in state trial court.

On 11 August 1999, Plaintiffs filed an "Amended Appeal" in the still pending appeal of the condemnation order. In this pleading, Plaintiffs complained that -- contrary to ALDOT's earlier representations of immediate need -- the State failed and refused to destroy Plaintiffs' home and to use the condemned property to expand the highway. On that same date, Plaintiffs filed documents complaining about the State's use of the property during the period since Plaintiffs were evicted. In September 1999, just before the condemnation proceeding was scheduled for a de novo trial in state circuit court, the parties settled the matter: Plaintiffs agreed to the condemnation, and the State agreed to pay them $145,000. The house was razed in November 1999, and a highway now sits in its stead.

The dispute entered the federal court system in May 2000 when Plaintiffs brought this section 1983 action claiming they were forced out of their home from January through August 1999 so that contractors could use their property for office

and living space. Plaintiffs contended that such use constituted a private use in violation of their Fifth and Fourteenth Amendment rights. The district court concluded it lacked subject matter jurisdiction under the Rooker-Feldman doctrine, Rooker v. Fidelity Trust Co., 44 S.Ct. 149 (1923), and District of Columbia Court of Appeals v. Feldman, 103 S.Ct. 1303 (1983). Sophecleus v. Alabama Dept. of Transportation, 305 F.Supp. 2d 1238 (M.D. Ala. 2004). In an unpublished opinion, we affirmed, 116 Fed.Appx. 246 (11th Cir. 2004), cert. granted and judgment vacated by 126 S.Ct. 37 (2005); the Supreme Court vacated and remanded for further consideration in the light of Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005), wherein the Supreme Court clarified the scope and applicability of the Rooker-Feldman doctrine. We, in turn, vacated the district court's opinion and remanded for the district court to consider its jurisdiction in the light of the Supreme Court's Exxon Mobil opinion. 170 Fed.Appx. 608 (11th Cir. 2005).

On remand, the district court concluded Rooker-Feldman was no bar to its subject-matter jurisdiction; applying Alabama's law of preclusion,[1] the district court concluded the suit was barred by the doctrine of res judicata. We agree.

_____

[1]In determining the res judicata effect of an earlier state court judgment, we apply the res judicata doctrine of the state whose decision is set up as a bar to further litigation. See Green v. Jefferson County Com'n, 563 F.3d 1243. 1252 (11th Cir. 2009).

For res judicata to apply under Alabama law, these essential elements must be shown:

> (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits.

Hughes v. Allenstein, 514 So.2d 858, 860 (Ala. 1987). And "[i]f these essential elements are met, any issue that was or could have been adjudicated in the prior action is barred from further litigation." Id. (empasis in original). Plaintiffs' argument on appeal chiefly focuses on satisfaction of the fourth element: whether the state and federal suits present the same cause of action.[2]

Applying res judicata under Alabama law, we have made this observation:

> the principal test for comparing causes of action is whether the primary right and duty or wrong are the same in each action. Res judicata applies not only to the

---

[2]The district court said that Plaintiffs raised no challenge to the third element -- substantial identity of the parties -- but Plaintiffs argue that they raised the privity issue in their brief. Plaintiffs do little more than assert that the privity challenge was made below; the issue is set out on appeal in only the most cursory and conclusory fashion. We conclude that a sufficient identity of interest exists between the parties in the state and federal actions to satisfy Alabama's substantial identity of the parties requirement. See Gonzalez, LLC v DiVincenti, 844 So.2d 1196, 1203 (Ala. 2002) ("Judgments can bind persons not party (or privy) to the litigation in question where the nonparties' interests were represented adequately by a party in the original suit. A person may be bound by a judgment even though not a party to a suit if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative. Moreover, if a party has a sufficient laboring oar in the conduct of the litigation, then the principle of res judicata can be actuated.") (internal quotations and citations omitted); see also, N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990).

5

> precise legal theory presented in the prior case, but to all
> legal theories and claims arising out of the same nucleus
> of operative fact.

N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560-61 (11th Cir. 1990) ( internal quotations and citations omitted).  So, too, the Alabama Supreme Court has said, "[i]f a claim, which arises out of a single wrongful act or dispute, is brought to a final conclusion on the merits, then all other claims arising out of the same wrongful act or dispute are barred, even if those claims are based on different legal theories or seek a different form of damages...."  Equity Resources Management, Inc. v. Vinson, 723 So.2d 634, 638 (Ala. 1998).

In the state-court condemnation proceeding, Plaintiffs alleged  improper non-public use of their property.[3]  Nonetheless, Plaintiffs contend that, even though their pleadings referenced the state's improper use of their property for non-public purposes, they never asserted a federal just-compensation constitutional claim in the state proceedings.  "Claim preclusion bars the litigation of matters that could

---

[3]Plaintiffs argue that the non-public use of their property post-dated the commencement of the probate and condemnation proceedings and, therefore, those proceedings can be no barrier to this federal suit.  See In re Piper Aircraft Corp., 244 F.3d 1289, 1298 (11th Cir. 2001) (res judicata has no application where facts giving rise to claim post-date original pleading in earlier litigation).  Under Piper a plaintiff is not obliged to supplement the pleadings by adding an after-acquired claim.  Id. But Plaintiffs did supplement the pleadings; they set out their allegation of non-public use of their property in their amended appeal of the condemnation order and in pretrial submissions. Unlike the situation in Piper, the facts underlying Plaintiffs' non-public use claims actually were raised as the case unfolded.  See id. at 1298-99.

have been litigated in an earlier suit." <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1501 (11th Cir. 1991).   As this Court and the district court have now each said twice, the arguments made by Plaintiffs in this action were or could have been raised in the Alabama condemnation proceedings.

AFFIRMED.